## POLOKE v. POLOKE.

No. 2056.　Opinion Filed February 18, 1913.

(130 Pac. 535.)

1. **DIVORCE—Alimony—Liability of Wife.** A wife cannot be required to pay alimony for the support of her husband when a divorce is granted for the fault of the husband.

2. **SAME—Husband and Wife—"Alimony"—Definition.** "Alimony" is an allowance which the husband pays, by order of the court, to his wife for her maintenance while living separate from him, where no suit is brought for divorce, or during the pendency of a divorce suit, or after the divorce is granted.

(Syllabus by Rosser, C.)

*Appeal from District Court, Creek County;*
*W. L. Barnum, Judge.*

Action by Lucy Poloke against Sam Poloke. Judgment for plaintiff for divorce, and, from the portion of the judgment requiring her to pay alimony to him, she appeals. Judgment for alimony reversed.

*W. P. Root* and *Biddison & Campbell,* for plaintiff in error.

Opinion by ROSSER, C. This was an action for divorce by Lucy Poloke against Sam Poloke. The court rendered judgment for the plaintiff for the divorce, but required her to pay her husband the sum of $50 per month during her lifetime as alimony, and also required her to pay him an attorney fee of $100. From this portion of the judgment the appeal was taken.

The judgment should be reversed. The power of the court to grant alimony is governed by section 6179, Comp. Laws 1909. That section is as follows:

"When a divorce shall be granted by reason of the fault or aggression of the husband, the wife shall be restored to her maiden name if she so desires, and also to all the property, lands, tenements, hereditaments owned by her before marriage or acquired by her in her own right after such marriage, and not

previously disposed of, and shall be allowed such alimony out of the husband's real and personal property as the court shall think reasonable, having due regard to the property which came to him by marriage and the value of his real and personal estate at the time of said divorce; which alimony may be allowed to her in real or personal property, or both, or by decreeing to her such sum of money, payable either in gross or in installments, as the court may deem just and equitable. If the divorce shall be granted by reason of the fault or aggression of the wife, the court shall order restoration to her of the whole of her property, lands, tenements and hereditaments owned by her before, or by her separately acquired after such marriage, and not previously disposed of, and also such share of her husband's real and personal property, or both, as to the court may appear just and reasonable; and she shall be barred of all right in all the remaining lands of which her husband may at any time have been seized. And as to such property, whether real or personal, as shall have been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties the court shall make such division between the parties respectively as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof. But in case of a finding by the court, that such divorce should be granted on account of the fault or aggression of the wife, the court may in its discretion set apart such a portion of the wife's separate estate as may seem proper for the support of the children, issue of the marriage."

It clearly appears from the reading of this section that it was the intention of the Legislature to cover the entire subject of the disposition of property when a divorce is granted. No mention is made of the husband's rights to alimony, and it cannot be presumed that it was the intention of the Legislature to allow him alimony.

The definition of "alimony," as given in nearly all the authorities, is, in substance, that it is an allowance which the husband pays, by order of court, to his wife for her maintenance while living separate from him, where no suit is brought for

divorce, or during the pendency of a divorce suit or after the divorce is granted.

The evidence in this case shows that the property of the wife consists of her allotment as a member of the Creek Tribe of Indians, and the royalties which she has received from oil produced on the allotment, all of which was paid to her after her separation from her husband. It is not claimed that she was ordered to pay the money awarded her husband, to equalize a division of their joint property or property accumulated during marriage, or anything of that kind.

No authority has been found sustaining a judgment requiring a wife to pay alimony to her husband. Several cases have been found holding that a husband cannot recover alimony from his wife. See *Somers v. Somers,* 39 Kan. 132, 17 Pac. 841; *Greene v. Greene,* 49 Neb. 546, 68 N. W. 947, 34 L. R. A. 110, 59 Am. St. Rep. 560; *Meldrum v. Meldrum,* 15 Colo. 478, 24 Pac. 1083, 11 L. R. A. 65.

No opinion is expressed as to the effect of section 3643, Comp. Laws 1909, which makes it the duty of the wife to support the husband when he has not deserted her, out of her separate property when he has no separate property, and is unable on account of infirmity to support himself. No such facts exist here. The grounds alleged for divorce were desertion, and the court rendered judgment sustaining the allegations of the petition.

The judgment for alimony should be reversed, and judgment here rendered that defendant do not recover alimony.

By the Court: It is so ordered.