## FIEDLER v. FIEDLER.

No. 3384.    Opinion Filed March 30, 1915.

(147 Pac. 769.)

1. **DIVORCE—Decree—Separate Property of Wife.** Where a divorce is granted the wife by reason of the fault of the husband, the wife is entitled, under the terms of. section 4969, Rev. Laws 1910, to have all her separate property owned by her at the time of the marriage or acquired by her in her own right after marriage, and not previously disposed of, restored to her by the decree.

2. **SAME—Cancellation of Instruments—Pleading and Proof.** In an action for divorce and alimony the court is without jurisdiction to cancel a deed given by the husband to the wife or a mortgage on the husband's real estate purchased by the wife with her separate funds, unless an issue be made in the pleadings showing a right to such relief, and evidence offered in support thereof.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*

*John J. Carney, Judge.*

Action by Mattie R. Fiedler against John Fiedler. Judgment for plaintiff, and she brings error. Reversed and remanded, with instructions.

See, also, 42 Okla. 124, 140 Pac. 1022, 52 L. R. A. (N. S.) 189.

*Chas H. Garnett,* for plaintiff in error.

*Reardon & Hereford,* for defendant in error.

HARDY, J.   From a judgment of the district court of Oklahoma county granting her a divorce and alimony, plaintiff in error prosecutes this proceeding.   The original judgment was rendered May 12, 1911.   Defendant on July 17, 1911, filed a motion to amend and correct the journal entry, and on July 25, 1911, journal entry was corrected by the court.

Various assignments of error were alleged in the petition in error and set out in the brief, but they are all considered by counsel under two propositions, the first of which is that the court erred in taking from the plaintiff and awarding to defendant her separate property acquired by her after her marriage, and that such award and judgment is contrary to law; (2) that the division of the property and awarding of alimony is inconsistent with the findings of fact in favor of plaintiff, and that said allowance is grossly inadequate.   By its original judgment of May 12, 1911, the court, after finding in favor of plaintiff upon the grounds of divorce, and that she was entitled to alimony, awarded her five acres of land, and also all personal property which she owned and possessed at the time of the marriage, and awarded the defendant all other real estate owned and possessed by him at the time suit was instituted, and all personal property acquired either by the plaintiff or defendant, separately or both of them jointly, since their marriage, free and clear of any claim or interest of the plaintiff therein for her alimony or otherwise, and decreed that the plaintiff should be forever barred of all right, title, or interest whatsoever therein, or any part

thereof. The custody of the children of the defendant by a former marriage was awarded to the defendant, except one child, which was temporarily awarded to Mt. St. Mary's Academy.

It appears from the evidence that at the time of the marriage defendant was the owner of a two-thirds interest in a tract of land containing about 20 acres, less right of way for Missouri, Oklahoma & Gulf Railway Company, near Oklahoma City, and that shortly after their marriage, on November 24, 1908, the defendant executed to plaintiff a deed to about five acres of said land, situated north of the railroad right of way, which deed recited a consideration of $2,000. Plaintiff testifies to having paid the consideration in full, while defendant denies that the same was paid. It is admitted that the plaintiff had purchased a mortgage referred to as the Williams & Hogan mortgage executed by the defendant upon the lands referred to, and paid for same out of her separate money, and in his answer defendant admits the existence and validity of plaintiff's right under the mortgage to an amount approximating $1,200.00. Shortly before the divorce proceeding the plaintiff and defendant had undertaken to adjust their property rights, and defendant had on September 30, 1910, executed to plaintiff a deed to the land north of the railroad right of way, less one acre, and plaintiff, the same day, had executed to defendant a deed to all of the land in said tract south of the right of way, which deeds had not been placed of record. In his answer defendant asked that these deeds executed by the parties on September 30, 1910, in their attempted settlement of property rights, be cancelled and set aside for ' want of consideration. The first deed above referred to, dated November 24, 1908, was not mentioned in the pleadings, was barely referred to in the evidence, and the deed itself nowhere appears as having been introduced at the trial. In the order of

July 25, 1911, correcting the journal entry, the court in its decree recited that the defendant should hold all that part of the lands described north of the railroad right of way, with the execption of one acre in the northeast corner, previously conveyed by him, free and clear of any right, title or interest of plaintiff, which decree, in effect, cancelled the mortgage and deed above mentioned and also the two deeds described in defendant's answer. Section 4969, Rev. Laws 1910, provides that:

"When a divorce shall be granted by reason of the fault or aggression of the husband the wife shall be restored to her maiden name if she so desires, and also to all the property, lands, tenements, hereditaments owned by her before marriage, or acquired by her in her own right after such marriage, and not previously disposed of, and shall be allowed such alimony out of the husband's real and personal property as the court shall think reasonable, having due regard to the value of his real and personal estate at the time of said divorce   *   *   *."

By the terms of this section the powers of the court in the adjustment of property rights between husband and wife in a divorce action are clearly defined, and it is specifically provided that the wife shall be restored to all her separate property owned by her at the time of her marriage or acquired by her in her own right after such marriage; and by its provisions the plaintiff would be entitled to retain her mortgage purchased by her out of her separate estate, and if the deed of November 24, 1908, was made to her upon a sufficient consideration, she would be entitled to retain the land described therein and also to be restored to her separate personal property acquired by her during marriage. The evidence tends to show that certain articles of personal property were purchased by her, and there is some evidence to the contrary.

The court made no finding as to the ownership of these items of personal property, but in its judgment indiscrimin-

ately awarded all of the personal property acquired by her
or by them separately or jointly since their marriage to the
defendant.  This, under the statute, we think the court was
without authority to do.  Nor did the court have authority
to cancel the first deed given by the defendant to the plain-
tiff, in the absence of any pleading asking such relief, and
proof offered to support the issues.  Clearly after judg-
ment had been rendered, and upon motion to correct the
journal entry, without any pleadings raising an issue, or
any evidence whatsoever, the court was without jurisdiction
to cancel said deed and deprive plaintiff of said property,
as it appears from the record was done in this case.  We
find no decisions construing this statute, but we believe that
the language is clear and its meaning plain, to the effect
that the wife is entitled to her separate property, and that
the duty of the court is imperative to restore the same to
her.

Upon the second assignment of error, that the allow-
ance of alimony is grossly inadequate, it appears that at
the time of the separation defendant owned the lands pre-
viously referred to, situated adjacent to Oklahoma City,
about five acres of which had been conveyed to plaintiff by
deed of November 24, 1908; that said land was worth about
$1,000 per acre at the time of the trial, the part on the south
side of the right of way being worth one-fifth less per acre
than that north.  The court decreed the five acres south of
the right of way to the plaintiff, which, according to the
testimony, would probably be worth about $4,000; while
the part north of the right of way was awarded to defend-
ant, free and clear of any right, title, or interest of plaintiff.
Neither the amount, character, and value, nor the ownership
of the personal property is determined by the court, as same
was indiscriminately awarded to the defendant, other than
such as might have been owned by plaintiff at the time of
the marriage.  Inasmuch as the allowance of alimony by the

court was made after taking into consideration the cancellation of plaintiff's mortgage and her deed to the five acres north of the railroad, and giving defendant all of the personal property, the effect of the judgment was equivalent to denying her any alimony whatever; for, if the deed to the five acres north of the railroad was valid it was worth more than the five acres on the south, and she would lose the difference in the value of the two tracts; and if the mortgage purchased by her out of her separate property be cancelled, she would lose in that way about $1,200; and it is thus seen that the decree of the court has the effect of putting her in the position where she is worse off than she was before, not taking into consideration the personal property which she may have acquired since her marriage, and which was awarded to the defendant by the decree.

The plaintiff in error asks that, instead of reversing this case, we render such decree here as would be equitable between the parties. This we are unable to do, for the court made no findings as to the amount, character, ownership, and value of the personal property, and while there is evidence in the record upon these matters, it is conflicting, and, in the absence of findings by the court below upon these matters, this court will not substitute its own findings as the basis for a decree which it might render. The controverted questions of fact must be settled in the lower court.

It is also asked that we make an allowance for attorney's fees. It appears that the court below allowed the plaintiff $100, and, inasmuch as this case has to go back for a retrial, we will make no order respecting the question, but leave the same to the discretion and judgment of the trial court.

It is therefore ordered that this case be reversed and remanded to the district court of Oklahoma county, with instructions to ascertain the amount and character of the

separate property of plaintiff, and award the same to her, and then allow to the plaintiff such alimony and suit money as, in the judgment of the court, may be reasonable.

All the Justices concur.