## PETERS v. PETERS.

No. 24308.   June 11, 1935.

576

Utterback & Stinson and Priscilla W. Utterback, for plaintiff in error.

W. F. Semple, A. H. Ferguson, and Phillips & Boner, for defendant in error.

PER CURIAM. Inasmuch as the parties occupy the same position in this court as in the trial court, we will refer to the plaintiff in error as plaintiff and defendant in error as defendant.

The plaintiff and defendant were married in 1920 and lived together as man and wife for a period of about ten years. Of said marriage two daughters were born, Mary and Madeline, now about the ages of eleven years and nine years, respectively. ·

The plaintiff commenced this action for divorce and custody of the children in 1930 upon the ground that the defendant was an habitual drunkard. Later amended pleadings were filed by both parties whereby plaintiff added extreme cruelty as additional ground for divorce and defendant by cross-petition seeking a divorce charged the plaintiff with gross neglect of duty, neglect of the children, attending wild parties at various times, and also charged her with adultery on numerous occasions.

Both parties are full-blood Indians and the defendant had some land which was sold for the sum of $5,500 shortly after the marriage and the said sum was spent for the support and maintenance of the family, each party deriving about equal benefit therefrom. Plaintiff at the time of said marriage was the owner of some real property in Carter county, Okla., as her separate property, and about two years before the marriage oil was discovered thereon, the accumulations of which have provided plaintiff a substantial fortune, principally in the custody of the Interior Department, and she is paid some several hundred dollars a month as an allowance by that department. Her wealth is derived solely on account of her separate property and was caused only by said production of oil therefrom. For a good many years during the marital life plaintiff paid out of her separate funds considerable sums for defendant, at one time about $2,000 in cash for his defense on a murder charge, and numerous small sums, principally as fines for drunkenness; also for a good many years paying substantially all of the grocery bills. At the time of the trial, and doubtless for quite a while before, defendant was a pauper.

The court found that he was an habitual drunkard as charged by plaintiff, and that while intoxicated the defendant on various occasions assaulted the plaintiff and while intoxicated was otherwise so obnoxious as to make it practically impossible for plaintiff to live with him. The court expressly refused to make the finding that the plaintiff was guilty of adultery. The action of the trial court in granting the plaintiff a divorce, however, at least inferentially, is a finding that the plaintiff is not guilty of that charge. The court did find, however, that plaintiff was by no means free from blame; that her conduct was such as at least to arouse the suspicions of a reasonable person; and that it might be due to her conduct that the defendant acted as he did to a great extent.

The plaintiff was granted a divorce and custody of the children, with provision for visitation of the children by defendant. The court then decreed that there be set aside and awarded to the plaintiff a lump sum of $4,000 out of the estate of plaintiff, indicating that a portion of said allowance was for attorneys' fees in the case, and providing the balance should be held in trust and administered for the benefit of the defendant. No indication is given in the judgment as to the portion thereof intended as expenses in the case. The plaintiff appeals from that part of the judgment awarding said sum to defendant, alleging said action of the trial court is error.

The question is therefore presented whether or not in this jurisdiction, where the wife has separate property and she is granted a divorce by reason of the fault

of the husband, a judgment or award can be made in favor of the husband that the wife pay a specified sum to her husband as alimony or in the nature of alimony, and the further question of whether or not under such circumstances the court can require the wife to pay the husband reasonable expenses in the defense of the action. Under the record in this case there is no jointly acquired property, nor was the wife's separate estate enhanced by the money or efforts of the husband. The questions involved are to be determined by our statutes. Poloke v. Poloke, 37 Okla. 70, 130 P. 535; Tobin v. Tobin, 89 Okla. 12, 213 P. 884.

Generally speaking, the husband must support the wife. This is recognized by the statutes of Oklahoma, section 1653, O. S. 1931. The latter part of section 670, O. S. 1931, relating to actions for divorce and alimony is as follows:

"* * * And on granting a divorce in favor of the wife or refusing one on the application of the husband, the court may require the husband or wife to pay such reasonable expenses of the other in the prosecution or defense of the action as may be just and proper, considering the respective parties and the means and property of each."

Section 672 of the statutes is as follows:

"When a divorce shall be granted by reason of the fault or aggression of the husband, the wife shall be restored to her maiden name if she so desires, and also to all the property, lands, tenements, hereditaments owned by her before marriage or acquired by her in her own right after such marriage, and not previously disposed of, and shall be allowed such alimony out of the husband's real and personal property as the court shall think reasonable, having due regard to the value of his real and personal estate at the time of said divorce; which alimony may be allowed to her in real or personal property, or both, or by decreeing to her such sum of money, payable either in gross or in installments, as the court may deem just and equitable. As to such property, whether real or personal, as shall have been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall make such division between the parties respectively as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof. In case of a finding by the court that such divorce should be granted on account of the fault or aggression of the wife, the court may set apart

to the husband and for the support of the children, issue of the marriage, such portion of the wife's separate estate as may be proper."

The last-cited section of the statute is divisible into three parts. Tobin v. Tobin, supra; Barnett v. Barnett, 158 Okla. 270, 13 P. (2d) 104.

The first division of said section directs what the court shall do when a divorce is granted to the wife, providing that all of the property, lands, tenements, and hereditaments owned by her before marriage or acquired by her in her own right after such marriage, shall be restored to her, and that she may also be allowed alimony out of the husband's property. The second division of said section provides for a division of the jointly acquired property regardless of which party may be granted the divorce. The third division thereof directs the action to be taken where the husband is granted the divorce.

In Poloke v. Poloke, supra, it is stated by this court in the syllabus as follows:

"A wife cannot be required to pay alimony for the support of her husband when the divorce is granted for the fault of the husband."

That case is very similar to the case at bar. There Lucy Poloke brought suit against her husband for divorce. She was granted a divorce, but was required to pay her husband a monthly sum as alimony and a stated sum as attorneys' fees. Her property consisted of her allotment as an Indian and the revenues she received from oil produced thereon. From that portion of the judgment she appealed. The court reversed the judgment. After quoting section 6179, Compiled Laws 1909, the court therein said:

"It clearly appears from the reading of this section that it was the intention of the Legislature to cover the entire subject of the disposition of property when a divorce is granted. No mention is made of the husband's right to alimony, and it cannot be presumed that it was the intention of the Legislature to allow him alimony."

That part of section 6179 of the Compiled Laws of 1909, under consideration in the Poloke Case, is substantially the same as subdivision 1 of section 672, O. S. 1931, as we have subdivided it herein. Some amendments were made to said section 6179, Compiled Laws 1909, after the decision in the Poloke Case as to other portions of said section. Therefore, subdivision 1 of said

section 672 being in effect the same now as it was at the time of the decision of the Poloke Case, said decision is controlling herein, and this court in the case of Barnett v. Barnett, supra, reaffirms that holding in this language:

"It therefore appears that the Poloke decision, supra, correctly construed the law at the time it was decided."

Further carrying out the same view of the statute, this court in Fiedler v. Fiedler, 47 Okla. 66, 147 P. 769, states in the first syllabus:

"Where a divorce is granted the wife by reason of the fault of the husband, the wife is entitled, under the terms of section 4969, Revised Laws 1910, to have all of her separate property owned by her at the time of the marriage, or acquired by her in her own right after marriage and not previously disposed of, restored to her by the decree."

Inasmuch as the statute positively requires that all of the wife's separate property shall be restored to her in case she is granted a divorce, it would not be consistent therewith to take a portion of it from her and give it to the husband, in the absence of some further specific statutory authority so to do. There is no such authority. We therefore conclude that it was error for the court to award to the defendant $4,000, an undetermined portion of which appears to be for expenses and the larger portion of which appears to be as alimony or in the nature thereof.

We next take up the question as to whether or not the trial court is authorized to allow a reasonable sum to the defendant as may be just and proper as his expenses in defense of the action. Section 670 specifically provides that the court may make such allowance either where the wife is granted a divorce or the husband is refused one. This court, in the case of Barnett v. Barnett, supra, calls attention to the provisions of said section, and that since the Poloke decision it was amended to permit the allowance of such expenses to the husband. The allowance of any such expenses is a matter in the discretion of the court. Such expenses, of course, would include reasonable attorneys' fees. The amount of such expenses should be fixed by the trial court, if it deems it proper to allow any. Fiedler v. Fiedler, supra.

That part of said judgment awarding to said defendant the sum of $4,000 is hereby reversed and the cause remanded to the trial court, with instructions to eliminate

that portion of said judgment, and that further proceeding in said cause be consistent with this opinion.

The Supreme Court acknowledges the aid of Attorneys Calvin Jones, Hubert Ambrister, and Chas. E. McPherren in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Jones and approved by Mr. Ambrister and Mr. McPherren, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, WELCH, PHELPS, and GIBSON, JJ., concur.