**ROBERTS et al. v. ROBERTS.**

No. 25041.   Dec. 17, 1935.

Rehearing Denied Jan. 21, 1936.

Application for Leave to File Second Petition for Rehearing Denied Feb. 4, 1936.

Chas. L. Yancey, G. C. Spillers, and Donald L. Brown, for plaintiffs in error.

Newton & Pinson and O. H. Searcy, for defendant in error.

PHELPS, J.   Pearlie Orcutt, a Creek Indian citizen, was born December 6, 1905. Her allotment was located in Creek county, Okla.,

and was valuable for its oil and gas production and her estate was handled by a guardian. When she reached the age of majority, she was declared incompetent by the county court of Wagoner county and the guardianship continued.

On May 3, 1922, she and William Colbert Roberts were married and to this union five children were born, only two of whom, however, survived at the commencement of this suit. On January 8, 1931, the county court of Wagoner county adjudged her competent, and within a few days thereafter she made an assignment and transfer to her husband of a large amount of property.

Within a few months thereafter she filed suit in the district court of Tulsa county against her husband in which she prayed for a decree of divorce and custody of the children.

Defendant filed his answer, denying the allegations of plaintiff's petition. At the same time he filed a cross-petition in which he set out at considerable length the shortcomings of plaintiff and prayed for a divorce and custody of their two minor children. After this answer and cross-petition were filed, and before the case was set for trial, plaintiff was, by the county court of Tulsa county, declared incompetent and E. M. Calkins and D. M. Orcutt were appointed her guardians. Leave having been granted by the court, they, on behalf of plaintiff, filed their second amended petition, in the first count of which they recited substantially the same grounds for divorce stated in the original petition, and prayed for a decree of divorce and custody of the minor children. In the second count they alleged that the transfer and assignment of a portion of plaintiff's property to the defendant was accomplished by fraud and collusion, and prayed an order of the court restoring such property to plaintiff.

At the trial of the cause much evidence was introduced on both sides, at the conclusion of which the court entered its findings of fact, in which it specifically found that at the time plaintiff assigned to her husband a portion of her property she was competent and that said assignments were not obtained by coercion, but that they were the free and voluntary act of the plaintiff, and that she was still competent notwithstanding the judgment of the county court of Tulsa county. The court further found that the defendant had devoted his life to his wife and family, had been a faithful husband in every respect, was of good moral character and capable of looking after the welfare of his children.

The court also further found that plaintiff had been guilty of many acts of impropriety (specifically set out in said findings) which rendered her an unfit person to have the custody of said children and entered its decree granting defendant a divorce upon his cross-petition and gave him custody of the children.

In its findings of fact and conclusions of law the court found that the property assigned or conveyed to defendant by plaintiff was assigned in trust for the benefit of the parties and their children, and concluded, as a matter of law, that it was the duty of defendant to hold such property for the support of the minor children and upon their attaining their majority they should each receive a one-third fee interest in the property, and at his death the property should descend to said minors.

A careful examination of the record in this case readily leads us to the conclusion that the evidence abundantly justified the trial court's conclusion that the defendant should be granted a decree of divorce and custody of the minor children. Certainly it cannot be said that such judgment is contrary to the clear weight of the evidence. This being the case, the same will not be disturbed.

A proper disposition, however, of that part of the judgment creating in the hands of defendant a trust fund which should ultimately go to or descend to the minor children, presents greater difficulties. Counsel for plaintiff in error present their 49 assignments of error under two propositions, the first of which is that:

"The property involved in this appeal was the property of Pearlie Orcutt Roberts exclusively, and should be so decreed, because

"A. The evidence conclusively shows that Pearlie Orcutt Roberts was incompetent at the time she assigned this portion of her separate estate to her husband, William Colbert Roberts.

"B. The property being the property of an incompetent, the district court of Tulsa county was without jurisdiction over the same; the guardians alone were entitled to possession of the property, and the county court had sole jurisdiction to make orders in reference to it.

"C. The transfer, being without consideration, and from the wife to the husband, and occurring because of the confidential relation existing between the transferor and the transferee, equity on the theory of a constructive trust will order the husband to convey the property to the wife."

Under subdivision A of the above proposi-

tion counsel cite authorities defining incompetency and laying down the rules of law applicable where incompetency is an established fact, which authorities clearly and correctly lay down the rule and discuss the applicable principles of law. In this case, however, the question as to whether or not plaintiff was incompetent became a question of fact for the trial judge to determine, and in such determination he was circumscribed and guided by the rules of law laid down by the authorities cited, and other authorities, and after hearing all the evidence and being familiar with the facts and circumstances surrounding the entire transaction, the learned trial court in its findings numbered 8 and 21 said:

"8. The court specifically finds that at the time the assignment (which has been received in evidence in this case as plaintiff's Exhibit 1) from the plaintiff to the defendant was made, that she was competent, and knew exactly what she was doing; and that said assignment was not obtained by fraud or coercion, or by any other means, by the husband; that there was no overreaching of the plaintiff by the defendant in any way; and that it was the free and voluntary act of the plaintiff. * * *

"21. The court finds that at all times since January 9, 1931, at the time Pearlie Roberts was declared competent by the county court of Wagoner county, Okla., up unto the present time, she has been competent and thoroughly capable of looking after her business, the decree of the county court of Tulsa county, decreeing her an incompetent, to the contrary notwithstanding."

Then, again, on the question of whether the plaintiff was incompetent, we are bound by the trial court's findings and judgment, unless it can be said that such findings and judgment are against the clear weight of the evidence, and a careful investigation of the record leads us to the inevitable conclusion that the evidence abundantly justifies the conclusion reached by the trial court, as the term incompetency is defined by the authorities.

Under the second proposition presented in the brief of plaintiff in error, it is said:

"The decree of the district court of Tulsa county is inequitable and unjust and since this is an equity case, this court will review the entire record and enter such judgment as under the law and the facts should have been rendered by the lower court.

"A. Pearlie Orcutt Roberts was entitled to a divorce from her husband on the grounds of gross neglect of duty.

"B. If Cole Roberts were entitled to a divorce under his cross-petition, he was not entitled to any portion of his wife's separate estate.

"C. No court has the power to place the property of a litigant in a testamentary trust against the wishes of the incompetent owner thereof."

Under subdivisions A and B of plaintiff in error's second proposition it is contended that plaintiff should have been granted a divorce, but that even if defendant was entitled to a divorce upon his cross-petition, he was not entitled to any portion of his wife's separate property. The trial court found against plaintiff in error under her contention A, and this finding was abundantly supported by the evidence, and under her contention B the trial court found in effect that the property in question was not at that time the property of plaintiff in error. In other words, the court found that at the time the property was conveyed by the plaintiff to defendant she was competent and "knew exactly what she was doing," and that the same was not obtained by "fraud or coercion or by any other means."

There is no dispute but that the property originally belonged to the plaintiff, and we know of no law and none has been called to our attention that prohibits the wife from conveying to her husband any portion of her separate estate that she may desire to convey to him, providing, of course, that she is competent and the conveyance is voluntarily made. Under these conditions title vests in the donee.

We are not unmindful of the fact that the evidence is conflicting as to the circumstances under which this conveyance was made, but we say again that the trial court's finding that the conveyance was voluntarily made at a time when plaintiff was competent is abundantly supported by the evidence.

Under subdivision C of plaintiff in error's second proposition it is contended that the trial court had no power to place the property in a testamentary trust, citing the California case of Simpson v. Simpson, 22 P. 167. With this contention we are inclined to agree. In fact, a thorough search of the record reveals no evidence whatever even tending to show that when this property was conveyed to defendant by plaintiff it was the intention of plaintiff when it was given, or the intention of defendant when it was received, that it should be held or considered as a trust fund. There is evidence in the record to the effect that plaintiff said that she wanted to convey the property to her husband, knowing that her children would get the benefit of it, at the same time expressing confidence in her husband, and as we construe the facts supported by this evidence, we arrive at the conclusion that it was plain-

tiff's intention to give the property to her husband outright and vest title in him, knowing full well that so long as any portion of the property remained in his hands or under his control her two little children would be properly provided for. Doubtless the thought uppermost in the mind of the trial judge when he reached the conclusion and made the finding that the property was intended as a trust fund, was the welfare, support, rearing, and education of these children, and he was ultra cautious in his judgment in insuring that ultimate result.

As commendable and laudatory, however, as this inclination on the part of the trial judge may be, there is no evidence in the record upon which to base the conclusion and finding that a trust existed, either expressed, implied, or resulting.

Having reached this conclusion, it is our duty to adopt that part of the plaintiff in error's second proposition which reads:

"Since this is an equity case, this court will review the entire record and enter such judgment as under the law and facts should have been rendered by the lower court."

In adopting this proposition of plaintiff in error we are not unmindful of the fact that such conclusion brings us to the novel and unusual position that defendant in error profits by an appeal which he did not prosecute, but these propositions of law, notwithstanding this result, are none the less wholesome and salutary.

The judgment of the district court is therefore affirmed in so far as it pertains to the decree of divorce and custody of the children, and that part of the trial court's judgment decreeing a trust in defendant in error is vacated and set aside for lack of any evidence supporting it, and title to the property conveyed by plaintiff to defendant is hereby vested in defendant. It is the further judgment of this court that the judgment of the district court taxing the costs in the case, including disposition of the $5,000 note executed by M. P. Steil et al., be affirmed, and that the costs of this appeal, exclusive of attorneys' fees, be taxed one-half to plaintiff in error and one-half to defendant in error.

RILEY, BUSBY, WELCH, CORN, and GIBSON, JJ., concur. McNEILL, C. J., OSBORN. V. C. J., and BAYLESS, J., concur in conclusion.