AMSEY v. AMSEY.

No. 33064. Jan. 4, 1949.

Rehearing Denied March 8, 1949.
Second Petition for Rehearing
Denied April 12, 1949.

*204 P. 2d 975.*

Logan Stephenson, F. C. Swindell, Harry L. S. Halley, and O. C. Lassiter, all of Tulsa, and Leon C. Phillips, of Oklahoma City, for plaintiff in error.

Robert W. Raynolds and I. D. Moseley, both of Tulsa, for defendant in error.

DAVISON, V.C.J. This is an action for divorce and a division of jointly acquired property, brought by plaintiff, Mildred Amsey, against the defendant, J. D. Amsey. The defendant cross-petitioned for divorce. The case was tried as one of equitable cognizance, and at the conclusion of the evidence the trial court rendered judgment granting plaintiff a divorce; requiring defendant to pay her attorney's fees, and dividing the jointly acquired property between the parties. Defendant appeals.

Defendant first contends that the evidence is insufficient to sustain the judgment of the trial court in granting a divorce to plaintiff. Plaintiff sought the divorce on the ground of extreme cruelty. The evidence discloses that the parties were married December 19, 1937; that plaintiff at that time was the bookkeeper and office manager of a partnership of which defendant was a member; that the parties lived together until sometime in January, 1945, and that thereafter they lived apart. Plaintiff became pregnant in the month of January, 1945, and testified that defendant denied the paternity of the child, and at the trial he attempted to establish that due to certain reasons he could not have been its father. The evidence which he adduced to support this assertion on his part was, in our judgment, wholly insufficient to sustain it. These false accusations constituted extreme cruelty. Finnell v. Finnell, 113 Okla. 164, 240 P. 62. It also appears that he had demanded that plaintiff procure a divorce from him, insisting upon a division of the property which

was unsatisfactory to her. We have carefully examined the record and are of opinion that the finding of the trial court that the defendant had been guilty of such cruelty as to destroy the legal ends and purposes of matrimony, and that the parties could never live together again, was not clearly against the weight of evidence. The trial court did not err in granting plaintiff a divorce.

Defendant also complains that the division of jointly acquired property by the trial court was unjust and inequitable. The trial court found that the jointly acquired property of the parties was of the reasonable value of $180,000, and set over to the plaintiff the home and furnishings in the city of Tulsa, bonds of the value of $61,871.53, and cash in the sum of $17,128.48, a total of $90,000. This amount included the savings of plaintiff from her salary and bonuses received while she worked for the partnership, amounting to approximately $27,000. The rest of the property was awarded to defendant. This consisted of cash, securities, real estate, interest in partnership property, remaining unsold, and equipment used in the business of defendant, he being engaged at that time, as he testified, as a dirt digging contractor. Defendant complains that the evidence showed that he was largely responsible, if not wholly responsible, for the accumulation of this property as a result of his work as a member of the partnership, and therefore the division is unjust and inequitable.

The record discloses that at the time of the trial of this cause plaintiff was 36 years of age and working for the city of Tulsa for $185 per month. The last year before her marriage, she drew $2,050 as salary and bonus, and at that time her savings amounted to $1,914.77. Subsequently, she inherited $1,200, making a total of $3,114.77, which represents her individual estate at the time of her marriage to defendant. During her married life her personal earnings amounted to $27,313.

Defendant was approximately ten years older than plaintiff, was suffering from asthma and had been advised by his physician to go to a different climate. The finding of the trial court that he was worth $40,000 at the time he married plaintiff is supported by the evidence. The record further discloses that he was the one who was responsible for the success of the partnership, that he worked almost constantly seven days a week, managing 200 to 1,200 men, supervising all jobs, buying and selling all equipment, and doing the principal amount of the work which resulted in the acquisition of the community property here involved.

In the case of Tobin v. Tobin, 89 Okla. 12, 213 P. 884, this court discussed at length the rules of law and equitable principles applicable to the distribution of jointly acquired property between husband and wife at the time of granting a divorce, which also involves the interpretation of section 1278 of title 12 O.S. 1941. Therein it was said:

"And whether the husband is granted the divorce, or the wife is granted the divorce, the provision of the law remains the same—that as to all such (jointly) acquired property the parties are each entitled to an equitable division of the same. . . .

"This does not mean, however, that they are each entitled to an equal division of the property. There may be circumstances surrounding the accumulation of the property which, when the unfortunate hour of the divorce is reached, it would be grossly inequitable to divide the property equally between the parties."

This reasoning has since been adhered to. It was approved and followed in the recent case of Hill v. Hill, 197 Okla. 697, 174 P. 232, wherein other cases to the same effect are cited. This latter case also recognizes the authority of this court to set aside the decree of the trial court and enter such decree as should have been entered, where all the facts necessary to do so are contained in the record.

In the instant case, the jointly acquired property of the parties resulted from the ability, reputation and financial condition of defendant at the time of marriage and his hard, constant work during coverture. His income undoubtedly would have been the same during this period whether he was single or married. His savings, however, were probably somewhat greater by reason of the plaintiff's efforts along this line in addition to her duties as an employee of the partnership. An equitable award to her would be made by allowing her the home and furnishings, the savings bonds purchased in her individual name, and her personal earnings during the married life. Plaintiff testified that this last item was represented by her savings account, her checking account and the Series D, E and F bonds in her name.

Complaint is made of the allowance of fees for the services of plaintiff's attorneys in the amount of $7,500.

The statutory authority for making an allowance for attorneys' fees is contained in the last provision of section 1276, 12 O.S. 1941 as follows:

" . . . and on granting a divorce in favor of the wife or refusing one on the application of the husband, the court may require the husband or wife to pay such reasonable expenses of the other in the prosecution or defense of the action as may be just and proper, considering the respective parties and the means and property of each."

The plaintiff, by this opinion, is awarded, as her share of the jointly acquired property, some $40,000 in cash and government bonds in addition to the home and furnishings. This does not include her individual estate of approximately $3,000 in cash. Therefore, "considering the respective parties and the means and property of each," it is the opinion of this court that neither of the parties should be required to pay the attorneys' fees of the other.

For the reasons herein stated, the judgment of the trial court is modified to the extent that plaintiff is awarded the following:

(1) The real estate constituting the homestead and specifically described in the judgment of the trial court.

(2) All household goods and furnishings now in said home.

(3) Her checking account which was in the amount of $8,500.10.

(4) Her savings account which was in the amount of $8,629.47.

(5) United States Government bonds, Series D, E and F, payable to Mrs. Mildred Atta Amsey, specifically described in plaintiff's exhibit 15 and therein shown to be of the actual value of $8,776.70.

(6) United States Government Bonds, Series C, specifically described in plaintiff's exhibit 15 and therein shown to be of the actual value of $13,421.20. (Exhibit 15 referred to in the last two preceding items is shown on page 409 of the case-made filed herein.)

(7) $3,114.77, the amount of her individual estate prior to marriage, plus her inheritance from her parents, to be paid in cash by defendant; and

(8) All costs of this action to be paid in cash by defendant, specifically excluding, however, plaintiff's attorneys' fees, which plaintiff is required to pay personally.

All other property of the parties is awarded to defendant, including the remaining real estate specifically described in the judgment of the trial court. Said court is directed to enforce the delivery by plaintiff to defendant of all property in her possession hereby awarded to defendant and to enforce the delivery by defendant to plaintiff of all property in his possession hereby awarded to plaintiff and to enforce the payment by defendant of the amounts herein required to be paid by him.

The judgment of the trial court, as specifically modified by the provisions of this opinion, is affirmed.

RILEY, BAYLESS, WELCH, GIBSON, and ARNOLD, JJ., concur. HURST, C.J., and CORN and LUTTRELL, JJ., dissent.

CORN, J. (dissenting). I am of the opinion that the judgment of the trial court should be affirmed.