**John Henry MOYERS, Plaintiff in Error,**

**v.**

**Marie J. MOYERS, Defendant in Error.**

**No. 39633.**

Supreme Court of Oklahoma.

June 12, 1962.

Page Belcher, Jr. of Belcher, Belcher & Collins, Enid, for plaintiff in error.

Douglas McKeever, of McKeever, Glasser, McKeever & Conrad, Enid, for defendant in error.

PER CURIAM.

In this appeal, brought by the husband, we are called upon to pass on the correct-

ness of the lower court's judgment awarding to the wife as her "separate property" nearly all of the disclosed assets. The decree is not challenged insofar as it dissolves the marriage and grants a divorce to the wife on the grounds that the "parties are incompatible." The primary point at issue is whether there was error in determining all the major accumulations to be the separate property of the wife.

This action was instituted by the wife. When the cause was tried early in 1961, the husband was nearly 76 years of age, totally blind in the right eye and partially sightless in his left eye. He was suffering from arthritis and some renal disease. The wife was 68 years of age and free from any disclosed body infirmities. The parties were married in 1940. No children were born of their union. Both parties had been married before; the husband has three children by a former wife.

The monthly income of the parties consists of the husband's social security benefits in the sum of $69.00 and rentals of approximately $150.00. The property in litigation includes: (a) a home with three apartment units which was variously appraised at $12,000.00 to $16,000.00; (b) furniture and furnishings of an undisclosed value; (c) a promissory note owing by a third party with an unpaid balance of $3,300.00; (d) 1952 Ford automobile of an undisclosed value.

The trial court found that the real property, the furniture and furnishings located therein, and the promissory note constituted separate property of the wife because all of these assets were acquired with separate funds "owned by plaintiff (wife) prior to her marriage to said defendant (husband)." The husband was awarded the "1952 Ford Crestline sedan, together with his tools used in his trade as an electrician."

The record discloses that at the time of the marriage in 1940 the wife owned and operated a business, known as Prince Electric Company. Acquired by her in 1918, the business engaged in retail marketing of electrical supplies, as well as in electrical contracting. Prior to 1940 the husband was an employee of the wife's company, and after the marriage they operated the business jointly until 1945, when the husband's son, Maynard Moyers, purchased one-half interest in the company for $5,000.00. In 1946 Maynard sold his interest back to the parties, and in the same year one L. D. Smith acquired one-half interest in the business for a like sum. L. D. Smith then resold his interest to the parties in 1948 for approximately $7000.00. The husband managed the business almost by himself until Mervin Olvey purchased the entire company in 1952 for $15,000.00 of which $5,000.00 was paid in cash, and the balance was evidenced by a note to both parties. Some time later the original note was cancelled, and, at the wife's insistence, a new note was made by Olvey which was payable only to the wife. The husband apparently consented to this change.

Although the wife denied that the husband did in fact make, in 1940, a capital contribution of some $2,700.00 to her electrical business, the evidence stands undisputed that: (a) the husband comanaged the company with the wife from 1940 to 1946; (b) he had joint responsibility for the management of the business when Maynard Moyers and L. D. Smith were co-owners thereof; and (c) he actively managed and operated the company from 1948–1952 almost without her participation in the business. The record is also undisputed that at the time of their marriage Prince Electric Company had but a small inventory and was indebted to the bank for at least $700.00. It also owed personal property taxes from 1930 to 1940, which liability amounted to a substantial sum of money. All these obligations became satisfied after the marriage of the parties. The record is also undisputed that all of the property in litigation was acquired by the parties after 1940 from the proceeds of the joint venture in the electrical business.

The business establishment owned by the wife at the time of her marriage did doubtless constitute her separate property.

However, it is clear from the record that the enhancement in the value of this business and profits therefrom were not effected through normal appreciation or ordinary course of events occurring during the coverture, but by application of joint efforts and skill of both parties who participated together in the business venture. We, therefore, hold that both the increase in the value of the wife's business from the time of their marriage to the point of sale in 1952, as well as the profits realized therefrom, were attributable to the joint industry of the spouses, and should be treated as jointly acquired property of the marriage. Peters v. Peters, 172 Okl. 575, 46·P.2d 487; Haynes v. Haynes, 197 Okl. 221, 169 P.2d 563 and Raines v. Gifford, Okl., 370 P.2d 1.

■ The law is settled that regardless of which spouse is granted the divorce, the provisions of 12 O.S.1961 § 1278 remain operative with equal force and effect, and the trial court is required by the terms of the statute to effect a fair and equitable division of property acquired during the coverture by the joint industry of husband and wife. Siler v. Siler, Okl., 350 P.2d 510; Estes v. Estes, 201 Okl. 97, 201 P.2d 791; Tobin v. Tobin, 89 Okl. 12, 213 P. 884.

In Hill v. Hill, 197 Okl. 697, 174 P.2d 232, it is said:

"The duty of the court in making division of property jointly acquired during marriage involves primarily merely the determination on equitable grounds of the extent of the right of each therein in view of their respective conduct and efforts as the conducive or contributing factors. Hence the question of need affords no criterion and the matter of personal conduct is material only to the extent it may reflect the existence or nonexistence of that endeavor which contributed to the creation of the estate. * * *

"In Tobin v. Tobin, supra, we said: 'In determining what is equity as to jointly acquired property, the court not only has a right, but should take into consideration the effort of the respec-

tive parties during their married lives. Circumstances may arise under which, when the court under this provision of the statute, is called upon to divide the jointly acquired property, that the wife might be entitled to a large per cent of the accumulations, or much in excess of one-half. If it should develop in the trial of the cause that the accumulations have been due to her economy, industry, frugality, and sturdy virtues, which have been a stay to the home and the constant guard of the accumulations, and at the same time it should develop that the husband has not been frugal, has not been industrious, has not been sagacious, but, on the contrary, has spent much of his money in riotous living, in gambling, drinking, or associations truant to his marriage vows, it would not be equitable to the wife, under these circumstances, that the husband should be given half of their property.' "

■ The husband requests that this court review the entire record, weigh the evidence and render such decree in this cause as would be equitable and as the trial court should have rendered. Champion v. Champion, 203 Okl. 105, 213 P.2d 354. Although as a rule this court will on appeal of a suit of equitable cognizance effect a complete adjudication of the cause, we may not do so in this case inasmuch as the record as presented is incomplete, and the lower court made no findings as to the amount, character and value of the items of property in litigation. There is no evidence here which would assist us in determining the value of the wife's business (as a going concern) at the time of the marriage, nor is there any testimony as to whether the note from Olvey passed to the wife as a gift from the husband by transfer upon valuable consideration, or otherwise. See in this connection, Thompson v. Thompson, 70 Okl. 207, 173 P. 1037; Roberts v. Roberts, 175 Okl. 602, 53 P.2d 671; Fiedler v. Fiedler, 47 Okl. 66, 147 P. 769; Bewley v. Bewley, Okl., 266 P.2d 436.

There was error in the trial court's determination that all of the assets set apart to the wife constituted her separate property. The judgment is accordingly reversed and the cause remanded to the trial court with directions to ascertain the amount of wife's separate property and award the same to her; determine the extent of joint accumulations; and to effect a fair and equitable division of joint property as required by law and consistent with the views expressed in this opinion. Fiedler v. Fiedler, supra; Bewley v. Bewley, supra.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, HALLEY, JOHNSON and BERRY, JJ., concur.

IRWIN, J., concurs in result.