Maynard Otis MOYERS, Executor of the Estate of Joseph Henry Moyers, Deceased, Plaintiff in Error,

v.

Marie J. MOYERS, Defendant in Error.

No. 40311.

Supreme Court of Oklahoma.

Feb. 18, 1964.

Page Belcher, Jr., of Belcher, Belcher & Collins, Enid, for plaintiff in error.

Douglas McKeever, of McKeever, Glasser, McKeever & Conrad, Enid, for defendant in error.

HALLEY, Vice Chief Justice.

This is an unusual case. It was before this Court in our case No. 39,633, wherein John Henry Moyers was plaintiff in error and Marie J. Moyers was defendant in error. We rendered our opinion in that appeal on June 12, 1962, and it is found at Okl., 372 P.2d 844. In that opinion we held as follows:

"There was error in the trial court's determination that all of the assets set apart to the wife constituted her separate property. The judgment is accordingly reversed and the cause remanded to the trial court with directions to ascertain the amount of wife's separate

property and award the same to her; determine the extent of joint accumulations; and to effect a fair and equitable division of joint property as required by law and consistent with the views expressed in this opinion. * * "

Through a misconception of our holding in the above mentioned opinion the respective counsel and the trial judge made no attempt to follow our instructions therein. Each side refused to offer any additional evidence in the trial court; and the trial judge failed to require them to do so and simply rendered the same judgment on the record of the original case. The defendant has now appealed a second time. After his brief was filed in this appeal, the defendant passed away. This appeal has been revived in the name of his son, Maynard Otis Moyers, Executor of the Estate of Joseph Henry Moyers, deceased.

A significant fact appears after Mr. Moyers' death. His will, executed on September 30, 1955, left a life estate in his half interest in their house described as Lot One (1) Block Eight (8) Weatherly's Fourth Addition to the City of Enid to his then "wife, Jennie Marie Moyers," the defendant in error here. The $7,000 that purchased the house came out of the business. The defendant appeared to have nothing else except his interest, if any, in the $3,300 promissory note from Olvey, in which he disclaims any interest. Everything of defendant's estate but this life estate went to his two sons. This will was never revoked although Mr. Moyers lived several years after its execution and two years and 19 days after the divorce between the parties was granted.

We have read the record in this case and have re-read the record in the original appeal and we cannot agree with the conclusions reached by the trial judge. This being a case of equitable cognizance we will weigh all the evidence and if the judgment is found to be clearly against the weight thereof then we will render that judgment which we think should have been rendered by the trial judge in this case. Champion v. Champion, 203 Okl. 105, 218 P.2d 354, and Amsey v. Amsey, 201 Okl. 261, 204 P.2d 975.

As we view the evidence it appears that in 1940, when these parties got married, the Prince Electric Company was practically insolvent. The plaintiff had carried on the business for twenty years and although she had pulled it out of heavy indebtedness, the company had not paid its personal property taxes or its city license for ten years and was assessed in 1940 at $280.00. There is no question but that the defendant advanced money to the business. He worked in the business from the time he married plaintiff until the business was sold and had practically the entire management of the business from the time it was taken back from L. D. Smith on November 28, 1948, until it was sold to Olvey in May, 1952. The deed to the real estate in question was taken in their names jointly and was regarded as the joint property of the parties. We think that the defendant was entitled to a half interest in the real estate, and by his will he has now given the plaintiff a life estate in his part. Since defendant disclaimed any interest in the $3,300 note from Olvey we give that to the plaintiff as well as the half interest in the real estate that stood in her name. As we now see it the plaintiff shall have all the note of Olvey, her half interest in the real estate and a life estate in the one-half interest awarded to the defendant's estate.

The judgment of the trial court is reversed with instructions to enter judgment for the plaintiff in error in conformity with the above views.

BLACKBIRD, C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON, and BERRY, JJ., concur.

WELCH and IRWIN, JJ., dissent.