Marietta Christine LAVENDER,
Plaintiff in Error,

v.

B. L. LAVENDER, Defendant in Error.

No. 41360.

Supreme Court of Oklahoma.

Dec. 26, 1967.

584

Fagin, Fagin & Fagin, by Arnold D. Fagin, Oklahoma City, for plaintiff in error.

Milor & Thomas, Ardmore, for defendant in error.

BERRY, Justice.

This appeal concerns the propriety of the trial court's decree granting defendant in error, the husband, divorce and full custody of minor children, and making division of jointly acquired property. Other than to show the basis for matters discussed, extended recitation of evidentiary matters is unnecessary.

Plaintiff sought a divorce and custody of the children upon grounds of incompatibility growing out of the defendant wife's temperament and erratic behavior. Defendant denied all misconduct alleged and by cross-petition sought a decree of divorce and other relief. As grounds for relief defendant charged plaintiff with excessive drinking and extreme cruelty both toward defendant and the children, which course of conduct rendered continuation of the marriage intolerable. Defendant also asked custody of the minor children, child support, alimony, division of the jointly ac-

quired property and allowance of reasonable attorney's fee.

The parties were married in 1952 when defendant was sixteen years of age. Plaintiff was ten years her senior and had been married previously. They were the parents of four children ranging from 11–5 years of age at the time of the divorce. Defendant was active in church and school activities in her community. Plaintiff, a welder by trade, was not inclined to participate in these family activities. The parties had lived at various places outside the state following their marriage, but in 1962 purchased a 300 acre ranch for $30,000.00, paying half the price down, and thereafter making valuable improvements to this homestead. Part of plaintiff's efforts were devoted to raising cattle and horses, the evidence indicating both ventures returned some profit. The evidence also showed that after 1961 plaintiff's income from his business ranged from $6,500.00–$13,500.00 annually.

Plaintiff introduced evidence to show defendant's erratic behavior resulted from emotional instability which created many marital problems. Defendant's evidence was that plaintiff drank excessively, absented himself from home without explanation, and was quarrelsome and physically abusive toward both defendant and the children, all of which created such family discord as to cause defendant and the children to leave home.

Following birth of the youngest child defendant underwent a period of emotional instability for which she sought psychiatric treatment. This illness, coupled with defendant's lack of understanding and reluctance relative to marital relationship, provided plaintiff's principal complaint concerning the family situation. In September, 1963, defendant underwent major surgery. After recovery and subsequent medical advice she became able to understand and was willing to accept the marital relationship and responsibilities.

About a year prior to this action defendant filed a divorce suit which was abandoned after the parties effected a reconciliation. Apparently, however, the breach had become too great and general family discord continued. In March, 1964, defendant took the children and moved to her parents' home in Bethany, Oklahoma. The children were enrolled in the local schools, and were doing well at the time the trial court entered the decree now on appeal.

The trial court found defendant's conduct had destroyed the purpose of the marriage, and awarded plaintiff a divorce and full custody of the children. The decree made no finding as to defendant's unfitness, and neither mentioned nor determined any issue presented by cross-petition. After the case was at issue this Court sua sponte ordered the matter set down for oral argument. At that time the Court learned that, because of the exigencies of his work, plaintiff voluntarily had returned custody of the children to defendant and regularly contributed to their care and support. Under these circumstances we will affirm this agreement by modifying the trial court's finding as to custody, and grant custody of the children to defendant, subject to reasonable visitation rights of plaintiff. Upon this basis it is unnecessary to consider questions arising relative to admission and exclusion of evidence at the trial relative to fitness of either party to have custody of the children.

The evidence relative to value of various items of the jointly acquired property was not fully definitive in some instances, the trial court's findings being based principally upon plaintiff's testimony. In other instances property values were fixed arbitrarily, or without evidence to support valuations which were included in the total joint estate to be divided. The finding as to the parties' indebtedness included items not supported by any evidence. Additionally, although defendant was forced to employ counsel to defend the action, the court denied the prayer for an allowance of attorney's fee.

In cases such as this settled principles govern disposition of the matter. Where the evidence in a divorce action is conflicting as to the facts and fault of the parties and there is any evidence sufficient to sustain the granting of divorce the decree will not be disturbed. Williams v. Williams, Okl., 322 P.2d 645; Honeywell v. Honeywell, Okl., 344 P.2d 589. Although evidence as to fault was conflicting, the trial court's finding that plaintiff should be granted divorce by reason of incompatibility is supported by some evidence and therefore is affirmed.

Defendant's cross-petition asked divorce upon grounds of extreme cruelty. There was evidence in support of the matters alleged bearing upon plaintiff's course of conduct toward defendant and the children. There was corroborative evidence of such matters. This evidence was sufficient to support a decree of divorce upon the grounds of extreme cruelty. 12 O.S. 1961, § 1271; McCarty v. McCarty, 193 Okl. 18, 141 P.2d 103. Since the trial court failed to make any finding upon the cross-petition, we render the judgment that should have been entered. The trial court's judgment accordingly is corrected by granting of divorce to both parties.

On appeal in a divorce proceeding the Supreme Court reviews all the evidence and causes a judgment to be entered that is just and proper. Warr v. Warr, Okl., 386 P.2d 639; Moyers v. Moyers, Okl., 389 P.2d 645. Under the statute, 12 O.S.1961, § 1278, an equitable division of jointly acquired property is contemplated. In making such equitable division due consideration should be given to all surrounding circumstances, and without regard to which spouse is granted divorce a fair and equitable division of jointly acquired property must be effected. Moyers v. Moyers, supra. And, a fair and just division of the property is not required to be an equal division. Irwin v. Irwin, Okl., 416 P.2d 853.

The trial court fixed value of the homestead at $31,650.00, subject to $17,-

375.00 indebtedness. The valuation of automobiles and items of plaintiff's business equipment was extremely low. The court fixed total valuation of $9,375.00 upon all the accumulated personal property. Valuation of $4,500.00 upon the household goods was agreeable to both parties. The total valuation included $200.00 bank accounts, unsupported by evidence of this amount; $1,000.00 in accounts receivable from plaintiff's business; and, an arbitrary valuation of $1,800.00 upon seven quarter horses. The evidence showed ownership of eight horses which, according to plaintiff's evidence, had been purchased at prices averaging from $700.00–$900.00, and which were valued at $10,000.00 under defendant's testimony.

The parties' indebtedness, exclusive of the homestead, was set at $5,458.75, including an item of $1,000.75 classified as miscellaneous debts. The only items of indebtedness supported by any evidence were accounts of $500.00 owed Montgomery Ward & Company, and $51.00 owed J. C. Penney Company. Defendant did not know the exact amounts owed, but testified she had purchased children's clothing on these accounts, and was positive the larger account included tires purchased for vehicles used in plaintiff's business.

Accepting the trial court's property valuations where possible, and including valuation of the horses and bank accounts at amounts supported by plaintiff's evidence, establishes value of the jointly acquired personal property as $15,875.00, reduced by allowance of $550.00 indebtedness shown by the evidence. During oral argument this Court was advised that $6,000.00 had been paid as condemnation damages for a parcel of the land taken for highway purposes. This item necessarily must be included in determining an equitable property division.

For the remainder of their minority defendant will be required to devote her efforts primarily to the care and upbringing of the minor children. For this reason, and particularly in view of her lack of training for gainful employment when compared with plaintiff's productive ability, we are of the opinion that an equitable settlement of affairs will be effected by the division of property hereafter set forth. Defendant shall retain the household goods and automobile as provided in the trial court's decree. In addition, plaintiff shall pay defendant the sum of $5,600.00 cash settlement. This amount shall be paid at the rate of $200.00 monthly until paid in full, and shall remain a lien upon the real estate until paid.

The remaining questions concern the support of the minor children, and the matter of allowance of additional attorney's fee for defendant's counsel. The Court takes note of and commends plaintiff's voluntary contributions toward support of his children. However, welfare of these children, and regularity of judicial requirements looking to the best interests of the children, dictate that this be fixed by judicial order. Plaintiff is directed to pay defendant the sum of $60.00 monthly for each child so long as that child remains unemancipated, or further order of the trial court.

The request of defendant's counsel for allowance of additional attorney's fees was denied by the trial court. Because of the plaintiff's divorce action defendant was required to employ counsel to defend in the trial court. The necessary appeal from the decree entered required preparation, filing and presentation. In view of the amounts paid heretofore, we are of the opinion plaintiff should be required to pay $300.00 additional compensation for defendant's counsel. 12 O.S.1961, § 1276; Arnold v. Arnold, 207 Okl. 352, 249 P.2d 734.

Subject to the stated modifications the judgment and decree is affirmed, with costs assessed against defendant in error.

All Justices concur.