Luanne SELBY, Appellee,

v.

John Kenneth SELBY, Appellant.

No. 49523.

Court of Appeals of Oklahoma, Division No. 1.

March 8, 1977.

Rehearing Denied March 29, 1977.

Certiorari Denied July 1, 1977.

Released for Publication by Order of Court of Appeals July 11, 1977.

Ungerman, Grabel & Ungerman, Tulsa, for appellee.

Pray, Scott, Williamson & Marlar by Roger R. Scott, Tulsa, for appellant.

BOX, Judge:

An appeal from a Decree of Divorce awarded wife; husband appeals only that portion of the Decree awarding attorney's fee to wife in the amount of $6,500.00.

██ Appellant contends that attorney's fee is not within the contemplation of 12 O.S. 1971, § 1276. In addition to this being an incorrect statement of law, appellant cites the cases of *Amsey v. Amsey*, 201 Okl.

261, 204 P.2d 975, and *Phillips v. Phillips*, Court of Appeals, 47 O.B.J. 2687. The case of *Romans v. Romans*, Okl., 366 P.2d 760[1, 2], pp. 761–762, speaks to appellant's position in that the parties herein agreed that the court would set an attorney's fee for appellee (Defendant's Exhibit " ", Divorce Settlement Agreement, paragraph 5). and appellant did not raise this question in the trial court. Furthermore, the Supreme Court granted certiorari and withdrew the opinion of the Court of Appeals in *Phillips*, supra, reinstating the attorney's fee awarded by the trial court. *Phillips v. Phillips*, Okl., 556 P.2d 607.

██ Appellant further contends that the attorney fee awarded to appellee is clearly excessive and not supported by the evidence. The Supreme Court has consistently held that the determination of that which constitutes a reasonable attorney's fee is largely within the trial court's discretion, *Laster v. Laster*, Okl., 370 P.2d 823, and if reasonably supported by the evidence, and if reasonable under the circumstances, which we find same to be after a review of this appeal, will not be reversed on appeal. *Mitchell v. Mitchell*, Okl., 385 P.2d 462.

██ Appellee seeks an additional attorney's fee for purposes of this appeal, which we grant and find that an additional fee of $1,000.00 is reasonable, and appellant is ordered to pay same. *Dowdell v. Dowdell*, Okl., 463 P.2d 948.

We have found no valid grounds in any of the arguments advanced by appellant for reversing or modifying the amount of attorney's fee awarded by the trial court. The judgment and decree of the trial court is hereby affirmed.

Appellee calls our attention to Supersedeas Bond and prays for judgment thereon. The Bond is in the principal amount of $9,500.00 executed by the appellant as principal and Mid-Continent Casualty Company as surety. In accord with Rule 31 of the Rules of the Supreme Court (12 O.S. 1971, Chap. 15, App. 1 with rule changes effective Oct. 30, 1976), and appellee's request, judgment is hereby rendered on such Bond,

against the surety thereon, as well as the appellant, in the amount of $7,500.00 together with all costs, accrued and accruing, until paid; and the trial court is directed to enforce this judgment as if rendered in that court.

AFFIRMED.

REYNOLDS, P. J., and ROMANG, J., concur.