Margaret B. COKER, Plaintiff in Error,

v.

E. F. COKER, Defendant in Error.

No. 42503.

Supreme Court of Oklahoma.

Oct. 21, 1969.

H. T. Witherspoon, Tulsa, Delbert Brock, McAlester, for plaintiff in error.

Stipe, Gossett & Stipe, by Gene Stipe McAlester, for defendant in error.

JACKSON, Justice.

In the trial court, plaintiff husband sued defendant wife for a divorce and asked for an equitable property division. The wife filed a cross petition seeking the same relief plus attorney fees and permanent alimony. After a trial lasting several days at which the chief issue was the extent, value and source of the property of the parties, the trial court granted the wife a divorce on the ground of incompatibility and ordered what amounted to a mathematically equal division of the jointly acquired property. Defendant wife appeals.

The husband's petition was filed in July, 1966, about a month after his wife left the home place near McAlester and went to Tulsa. After four unsuccessful efforts to serve summons upon her he started service by publication. Extensive discovery procedures were undertaken by the wife, both

before and after her answer and cross petition were filed, utilizing the services of a certified public accountant who is also a member of the bar.

At the trial there was substantially uncontradicted evidence to the effect that when they were married in 1939, neither party had property of any significance. No children were born. The wife was a school teacher and continued to teach until shortly before this action was filed. After the marriage the husband completed his college education and became a teacher, although he did not teach as many years as his wife. As time passed he devoted more and more of his time to the management of the ranch lands they acquired by their joint efforts piece by piece (about 2000 acres), and in addition, had worked in recent years as manager of the Union Stock Yards in McAlester. They also acquired some rental properties and vacant lots in McAlester, and the wife had a small inheritance from her father in 1961, which was merged into the jointly acquired estate.

A professional appraiser testified for the husband as to his appraisal of all of the property of the parties with the exception of a few items of personal property which were set apart to the parties in approximately equal shares. The wife presented no evidence as to the value of the real property.

The total appraised value of the jointly acquired properties was $183,651.24, the major portion of which (about $130,000) was represented by the ranch; thus, the value of each share on an equal division was $91,825.62. The trial court awarded to the wife all of the city properties, a note payable secured by a mortgage, and 100 acres of unleased minerals, all of a value of $17,592.34. He awarded to the husband the ranch, livestock, farm machinery, and some shares of stock in Union Stock Yards, all of a value of $166,058.90. In order to equalize the division of jointly acquired properties, he ordered the husband to pay the wife the difference of $74,233.-28. He also ordered the husband to pay her $2938.79 as reimbursement for her inheritance; $1929.08 as her share of an income tax refund and certain personal properties disposed of by the husband after the separation; and $500.00 in suit money. He gave the wife a lien against the husband's real estate in the total amount of $79,601.96 and ordered that amount paid at the rate of $659.96 per month with interest at 6% payable semiannually. Other details of the trial court's judgment will be noticed in connection with particular arguments.

On appeal, defendant wife first argues that the court erred in the handling of her preliminary motions and applications for relief by way of discovery. The record shows that the trial court uniformly granted whatever she asked in the way of discovery, except in cases where it was shown that the information she sought was not in the husband's possession. On one occasion, she sought information from a bank that was obviously not covered by the order the court had previously addressed to the bank. In a meticulously detailed memorandum decision, upon which the journal entry of judgment was based, the court found, among other things, that abstracts of title to the real property had been in her possession "all along". This finding is not challenged in the briefs. The charges in her brief that she was hindered and delayed by plaintiff and his counsel are not supported by the record. After a careful examination of the record we cannot say that the court erred in the handling of these preliminary motions and applications, or that defendant was prejudiced in that connection.

In her second proposition, defendant argues that her motions for continuance should have been sustained and that she was prejudiced because they were not granted.

 Defendant filed two motions for continuance, 17 and 3 days before trial, and renewed them orally at the beginning of the trial. The first motion alleged a need for "additional records" not otherwise identified and the second one alleged that

defendant had been unable to locate "certain witnesses" not named. The motions were therefore not in compliance with 12 O.S.1961, Sec. 668. Both motions made reference to the fact that service of process had not been completed upon two additional parties defendant, sisters of the plaintiff, who had been joined as parties because defendant alleged that each of them held title to 120 acres of land belonging to plaintiff. The record shows that summons to these sisters had been returned "not found" one month before the defendant started service by publication notice upon them, on the day the second motion was filed 3 days before trial. Defendant alleged the use of due diligence in her motions, but did not set out any facts constituting due diligence. See Sanditen v. Brooks Flame-Spray, Inc., Okl., 403 P.2d 471; 12 O.S.1961, Sec. 668. In the judgment, the trial court left open the question of defendant wife's rights, if any, in the real estate standing in the names of the sisters, for determination at a later date, since publication notice to them had not been completed. This case was not tried until over seven months after the petition was filed and over six months after defendant made her first special appearance in the case. The trial court said that "You have had plenty of time to bring in outside parties". We hold that the court did not err in overruling the motions for continuance.

In her remaining propositions defendant complains generally that the property division was inequitable, that she should have been awarded permanent alimony and attorney fees, that the award to her of 100 acres of unleased minerals was improper, and that as a matter of law it was improper for the court to render judgment in the main action while reserving for later determination the question of the right of plaintiff in the real estate allegedly held in the names of the sisters.

■ With regard to the property division, the principal argument is that since the record shows that over the years, the wife earned over twice as much money in salaries as the husband, she should have been awarded more than half of the jointly acquired property. This argument omits from consideration the contribution of the husband in time and effort in the operation and management of the ranch property, and the building up of a substantial herd of cattle, which together constituted the bulk of the jointly acquired properties. As we have seen, the court divided the jointly acquired properties on a mathematically-equal basis. Under the second sentence of 12 O.S.1961, Sec. 1278, both parties were entitled to a "just and reasonable" division of the jointly acquired properties, and it is well settled that the trial court's judgment in that connection will not be disturbed unless a clear abuse of discretion is shown; Honeywell v. Honeywell, Okl., 344 P.2d 589, 74 A.L.R.2d 967. We hold that there was no such abuse of the court's discretion in this case.

■ On the alimony question, the record shows that the wife is in her early fifties, and that she is professionally qualified and experienced as a school teacher and capable of earning several thousand dollars per year in that pursuit. She will receive several thousand dollars more per year for ten years under the property settlement ordered, and she will presumably receive some income from the rental properties in McAlester which were set apart to her. We hold that the court did not err in refusing to award permanent alimony; Honeywell v. Honeywell, supra.

■ The same general considerations are applicable on the question of whether the court should have awarded the wife an amount for attorney fees. Since both parties petitioned for a divorce, and since the husband pleaded in his answer to the wife's cross petition that he "does not care which of the parties is awarded the decree of divorce", we agree with the trial court's view that the case was "pretty much an equitable matter, similar to a partition of property". Upon the record before us, we are unable to say that the trial court

abused his discretion in refusing to award the wife an amount for attorney fees.

■ With regard to the award of 100 acres of unleased minerals, the wife cites Blount v. Blount, Okl., 425 P.2d 474, for the proposition that it was error for the court to award her, over her objection, an undivided interest in real estate in which the husband retained the other undivided interest, and contends that the court should have awarded her the entire mineral interest in a specific 100 acre tract of land. Although the rule has never been applied in a situation involving what is commonly called "severed minerals", this argument must be sustained.

The rule in the Blount case, and in the other two cases in which it has been applied (Lawson v. Lawson, Okl., 295 P.2d 769, and Kupka v. Kupka, 190 Okl. 392, 124 P.2d 389), is based upon language in the second sentence of 12 O.S.1961, Sec. 1278, to the effect that in making the required "just and reasonable" division of jointly acquired properties, the trial court should accomplish the same by "a division of the property in kind, *or* by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof" (emphasis supplied). In the Lawson case, this court held that "Unless its application is waived by the parties the statutory provision relating to the division of the property between divorced parties intends that property be so divided that the portion awarded to one spouse is free from the claims or domination of the other, and there is a complete severance of common title".

In the case now before us it is obvious that, as a practical matter, the husband, retaining the much larger interest, in effect holds a "veto" power over the wife's right to lease her smaller fractional interest. It thus cannot be said that the mineral interest awarded to her was "free from the claims or domination" of the husband.

■ In another proposition the wife argues that the trial court was without authority to proceed to trial in the main action while reserving for future determination the question of her right, if any, in the 120 acres of land allegedly held for the husband in the name of each of two of his sisters. We are unable to agree. Such procedure is specifically authorized by 12 O.S.1961, Sec. 236. She also mentions "The additional proposition of surprise and new evidence arising after trial of this matter * * *". However, she filed no motion for new trial upon the ground of newly discovered evidence.

■ We are also asked to award the wife an amount for costs and attorney fees upon appeal. In view of the fact that her appeal has been at least partially successful, it would seem that she is entitled to such an award. However, since the case must be remanded for further proceedings, and since she will be in need of further legal services upon the remand, we are of the view that the matter can be more properly handled by the trial court. The request for such an award is therefore denied at this time, without prejudice to the right of the wife to petition the trial court for an award for costs and attorney fees both upon the appeal and upon the remand. Blount v. Blount, Okl., 425 P.2d 474.

As to the award to the wife of 100 acres of unleased minerals the judgment is reversed and remanded to the trial court with directions to award the wife the entire mineral interest under a specific 100 acre tract of land, or to order the additional payment by the husband of an amount equal to the cash value thereof, or to make such other provision in lieu thereof in conformance with the views herein expressed as to the trial court may seem just and equitable.

In all other respects, the judgment of the trial court is affirmed.

IRWIN, C. J., and DAVISON, WILLIAMS, HODGES, LAVENDER and McINERNEY, JJ., concur.

BERRY, V. C. J., concurs in part and dissents in part.