**Bill S. HILL, Appellant,**

v.

**PIERCE MOBILE HOMES, INC., a Corporation, Appellee,**

**and**

**Continental Federal Savings Loan, Defendant.**

**No. 65759.**

Court of Appeals of Oklahoma, Division No. 3.

June 2, 1987.

Sam H. Johnson, Lawton, for appellant.

Manville Redman, Lawton, for appellee.

HUNTER, Judge:

Appellant, Bill S. Hill, brought suit against Appellee, Pierce Mobile Homes, Inc., and Defendant, Continental Federal

Savings & Loan Association, for rescission of a purchase contract, alleging misrepresentation. Appellee was the seller of the mobile home and Defendant, Continental Federal Savings & Loan, was assigned the purchase contract by Appellee. The action between Appellant and Continental Federal Savings & Loan is still pending before the trial court.

Appellee filed its interrogatories to Appellant on October 31, 1984, and delivered a copy to the office of Appellant's attorney on that same date. Appellant failed to timely serve his answers to the interrogatories on Appellee, and sought no continuance from the trial court. Appellee filed its Motion to Render Judgment for Defendant on July 2, 1985, alleging that Appellant had failed to timely serve his answers to the interrogatories upon Appellee, and requested the trial court to render judgment by default against Appellant. The trial court sustained Appellee's motion and entered judgment against Appellant on August 23, 1985. Appellant filed his motion to vacate the trial court's judgment on September 20, 1985, along with his answers to Appellee's interrogatories. The trial court overruled Appellant's motion to vacate judgment, and from the trial court's order, Appellant has timely perfected this appeal.

Appellant contends the trial court erred in failing to vacate its judgment because Appellee failed to follow the proper procedure to request and obtain sanctions under the discovery code. Although the specific statute is not cited by Appellee in its Motion to Render Judgment for Defendant, the request for a judgment by default is a request for sanctions provided in Title 12 O.S.Supp.1984, § 3214(B)(2). Section 3214(B)(2)(c) provides that the trial court may render a judgment by default against the disobedient party. This was the action taken by the trial court by reason of Appellant's failure to timely answer Appellee's interrogatories. However, to determine the propriety of the trial court's use of this sanction, § 3214 must be read in its entirety. Title 12 O.S.Supp.1984, § 3214(A)(2) provides in part:

"... or a party fails to answer an interrogatory submitted under § 10 of the discovery code, ... the discovering party may move for an *order* compelling an answer or designation...." (emphasis added).

Section 3214(B)(2) provides in part:

"If a party ... fails to obey an *order* to provide or permit discovery, ..., the court in which the action is pending may make such orders in regard to the failure as are just. Such orders may include the following: ... (C) ... rendering a judgment by default against the disobedient party, ...." (emphasis added).

It is clear from the reading of § 3214 in its entirety that the discovering party must first move for and obtain an order compelling an answer to the interrogatories, before it can request sanctions from the court. The sanctions provided for under § 3214(B) are for failing to obey the order of the court. Without such an order compelling answers to the interrogatories, sanctions are not available to the discovering party, and may not be imposed by the trial court. The record reflects Appellee did not move for, nor did the trial court issue an order compelling Appellant to answer Appellee's interrogatories. Appellee merely requested sanctions in the form of a default judgment, and the trial court complied. Because the proper procedure was not followed prior to granting the requested sanction, the judgment of the trial court was premature.

Both Appellant and Appellee refer in their briefs to a pretrial conference held on July 3, 1985. The parties disagree as to what order the trial court may have entered requiring Appellant to answer Appellee's interrogatories. However, the record before this court does not contain a pretrial order, nor any reference to the pretrial of July 3, 1985. This court is confined to the record made below. It may not accept, as a basis for its decision, argument for which there is no foundation in the record before it. *Matter of Rich*, 604 P.2d 1248 (Okl. 1979). Therefore, this issue will not be considered on appeal.

The trial court overruled Appellant's motion to vacate the default judgment. A motion to vacate a judgment is addressed to the sound legal discretion of the trial court, and an order vacating or refusing to vacate a default judgment will not be disturbed on appeal unless it clearly appears that the trial court has abused that discretion. *Crawford v. Gibson,* 642 P.2d 248 (Okl.1982). The record reflects that the trial court did abuse its discretion in refusing to vacate the default judgment, because the judgment was premature and not in compliance with the provisions of Title 12 O.S.Supp.1984, § 3214.

For the reasons stated above the order of the trial court is reversed and the matter remanded with directions to vacate the default judgment and for further proceedings not inconsistent with this opinion.

HANSEN, P.J., and BAILEY, J., concur.