Jon R. FORD, Appellant,

v.

Jane FORD, Appellee.

No. 63212.

Supreme Court of Oklahoma.

Sept. 27, 1988.

Rehearing Granted in Part and Denied in Part Jan. 23, 1989.

Robert J. Turner, Turner, Turner, Green & Braun, Oklahoma City, for appellant.

Philip F. Horning, Carolyn S. Thompson, Horning, Johnson, Grove, Moore & Hulett, Oklahoma City, for appellee.

SUMMERS, Justice.

This case involves the divorce of Jane and Jon Ford. The trial court granted the divorce, divided the property, awarded support alimony, established custody of the minor child, and ordered the husband to pay the wife's attorney's fee and litigation expenses. The husband appealed complaining of the property division, support alimony, award of attorney's fee, award of litigation expenses, award of additional temporary support, and that no grounds existed to award the wife a divorce. The wife appealed the determination of custody, amount of support alimony, and the division of property.

■ The Court of Appeals issued an opinion and the wife petitioned this Court for a writ of certiorari. The petition for writ of certiorari was previously granted by the Court and we now turn to an analysis of the issues raised on the petition for certiorari.[1]

■ The first issue raised by the petition is whether a spouse's practice of a profession such as law or medicine is to be characterized as jointly acquired marital property and subject to division. The Court of Appeals held that it was not. In *Carpenter v. Carpenter*, 657 P.2d 646 (Okl.1983) we approved the award of jointly acquired marital property based in part on a valuation of a closely held professional corporation providing medical services. Here the trial court properly held that the husband's law practice was in part jointly acquired property.

■ Where one spouse brings separate property to a marriage and an increased value of the property occurs as a result of joint efforts of the husband and wife, the other spouse is entitled to an interest in the appreciation of the property. *Templeton v. Templeton*, 656 P.2d 250, 252 (Okl.1982). The trial court found that:

"the wife has been the primary caretaker for the minor child of the parties since its birth and does not now, nor has she

during the marriage worked outside the home except for one semester while she was at school." R. at 70.

The minor child was five years old at the time of the decree of divorce. The share of "joint industry" attributable to the wife need not be in the form of a monetary contribution or actually working in the law office as suggested by the husband. In *Carpenter v. Carpenter, supra,* the wife was briefly employed during the early years of marriage and then devoted herself to the rearing of children, running the home, and volunteer work.

■ The evidence was conflicting as to the value of the husband's law practice. The husband testified that the practice had a value of approximately $113,000.00 as based upon stockholders' equity, accounts receivable, an estimated amount uncollectable, work in progress, and a received bonus. The wife's evidence was that the law practice had a value of approximately $150,000.00. The difference between the value arrived at by the husband and that of the wife was due to 1) An addition of $3,000.00 cash held by the corporation at the time of trial and 2) An amount of accounts receivable that the husband said was uncollectable as to which the wife's expert had the opinion that it had some value as being potentially collectible in the future. The husband testified that the practice had a value of $40,000.00 in 1975 and that he married Jane Ford in November of 1975. The trial court determined the value of the law practice to be $136,325.00, and then subtracted $40,000.00 to reach a value of $96,325.00 for the practice. The trial court then awarded each party one-half of the $96,325.00. The trial court further awarded each party one-half the value of the building used in the law practice.

A trial court's valuation of property will be left undisturbed unless clearly against the weight of the evidence. *Johnson v. Johnson*, 674 P.2d 539, 544 (Okl.1983). See also, *Carpenter v. Carpenter*, 657 P.2d at 652–53. Although the value of the husband's "uncollectable" accounts receivable

---

1. The only issues properly tendered for our review are the issues presented in the petition for certiorari. *Johnson v. Wade*, 642 P.2d 255, 258 (Okl.1982). *Mitchell v. Ford Motor Credit Co.,* 688 P.2d 42, 44 n. 1 (Okl.1984).

was based to some extent on speculation by both parties' testimony, we are unable, based on the evidence, to find that the trial court's value of the law practice was clearly against the weight of the evidence. Thus, the value of the law practice made by the trial court will be left undisturbed.

■ The second issue raised on certiorari by the wife is that the marital estate should not be reduced by amounts spent during the marriage for medical expenses of one of the wife's children by a former marriage. There was testimony that at least $30,000.00 had been spent for such purpose, but not from separate funds of the husband. Husband without citing any authority asks this court to "carve out a rule" that such expenditures be considered in reducing property or alimony awarded the wife. A husband is not obligated to support a wife's children by a former marriage. *Byers v. Byers*, 618 P.2d 930 (Okl. 1980). But his gratuitous payments for the child's medical expenses were considered by the trial court in balancing the equities in the property settlement. The trial court stated that:

"There was controversy as to the amount, but the Court did take into consideration that a substantial sum was spent, that at least $30,000.00 of the medical attention provided quite likely came from out-of-pocket expenditures by the plaintiff for the seriously ill daughter and as such, there was some reduction in the amount of property that would be set over to the defendant." R. at 80.

Although the trial court said he "did take into consideration" such payments he did not in fact deduct them from the martial estate. Title 10 O.S.1981 § 15 states:

"A husband is not bound to maintain his wife's children by a former husband; *but if he receives them into his family and supports them, it is presumed that he does so as a parent,* and where such is the case, they are not liable to him for their support, nor he to them for their services." (emphasis added)

Thus, while it may have been improper for the trial court to consider such medical bills paid prior to the divorce in balancing the equities, the record does not disclose that the marital estate or that portion thereof awarded to the wife was diminished by the trial court's consideration of the payment of those medical bills. The error is harmless and no abuse of discretion appears in the record in this regard. In the absence of an abuse of discretion this action of the trial court must be affirmed. *Phillips v. Phillips*, 556 P.2d 607 (Okl.1976).

■ The third issue presented on certiorari is whether the wife's litigation expenses and attorney's fee should be subtracted from the gross joint property estate prior to division. The effect of a rule that would require subtracting legal fees and litigation expenses from the joint marital estate prior to division would, we believe, run contrary to the statute which provides:

"[T]he court may require the husband or wife to pay such reasonable expenses of the other in the prosecution or defense of the action as may be just and proper considering the respective parties and the means and property of each;" 12 O.S.1981 § 1276.

We do not address the subject further in view of our disposition of the attorney fee question.

■ The husband contended on appeal that the wife could afford to pay her own legal fees and litigation expenses. The trial court had directed the husband to pay her counsel fees of $19,856.25 and expenses of $5,362.35. The Court of Appeals vacated the judgment for such fees and costs. In light of the division of property and substantial amount of cash [2] available to the wife we find the trial court's order for fees and litigation expenses to be an abuse of discretion. Each party is able to pay its own attorney fees and litigation expenses and should do so. 12 O.S.1981 § 1276; *Amsey v. Amsey*, 201 Okl. 261, 204 P.2d 975, (1949); *Coker v. Coker*, 460 P.2d 424, 427 (Okl.1969).

**2.** The trial court converted much of the wife's share of property to cash by way of a judgment

for $93,978.00 secured by liens against marital property awarded in kind to the husband.

The wife complains on certiorari that her attorney was ordered to pay one half of the fee he received to the court clerk to be held by the clerk pending resolution of the case. A fundamental concept in our system of jurisprudence is that a court must have jurisdiction to render an effective order. *Mayhue v. Mayhue*, 706 P.2d 890, 893 (Okl.1985). Jurisdiction over the person to whom the order is directed is one of the three elements of jurisdiction. *Id.* The wife's attorney was not a party to the proceeding. The fundamental law of the land requires that an individual be given notice and an opportunity to be heard before judicial authority is exercised to deprive the individual of a property interest protected by the Fourteenth Amendment. *Tulsa Professional Collection Services, Inc. v. Pope*, — U.S. —, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988). The attorney did not receive such notice. The order of the Court of Appeals compelling payment of funds by the wife's attorney to the court clerk is facially void.

The husband appeals the award of support alimony. The wife asserts that the award of support alimony of $2,000.00 per month for 24 months should not be reduced. The husband testified that his income from the practice of law after deducting taxes was $4,300.00 per month at the time of the divorce. Tr. at 53. In light of the wife's monthly expenses and accustomed mode of living the award cannot be construed as an abuse of discretion. See, *Eisenreich v. Eisenreich*, 323 P.2d 723 (Okl.1958), (a wife's condition and means may be considered in determining the amount of alimony); and *Dowdell v. Dowdell*, 463 P.2d 948 (Okl.1969), (the court may consider the wife's mode of living to which she has become accustomed in determining the amount of alimony). The wife received the benefit of an education while married, but has not been employed, except for a short period, since the beginning of the marriage. An education is relevant to determine the possibility of employment, and a possibility of employment is to be considered in determining alimony. *Eisenreich v. Eisenreich, supra.* However, this award for 24 months is not beyond the bounds of sound judicial discretion in the case before us.

Six issues decided by the Court of Appeals were not raised by the petition for certiorari.

1. The trial court was affirmed in granting a divorce to both parties on the ground of incompatibility.

2. The trial court's award of joint custody was not subject to reversal.

3. The $23,000.00 spent by the husband to purchase a house for the wife, pursuant to a temporary order, was not to be considered as joint marital property but rather was the husband's separate property, as it was acquired with assets from his separate farming operation.

4. The trial court's temporary support order for an additional $500.00 a month pending appeal was vacated *ab initio*.

5. The trial court's failure to award additional requested alimony was not subject to reversal.

6. The trial court's finding that the husband's farm and investment business was separate property was not subject to reversal.

No party has requested this Court to review these issues by a petition for certiorari and the resolution of these issues by the Court of Appeals is not subject to our review. *Johnson v. Wade*, 642 P.2d 255, 258 (Okl.1982).

"In summary, the trial court's order for property division is affirmed. Because the Court of Appeals finding regarding the wife's new residence was not challenged by the petition for certiorari, the finding remains undisturbed. Appellant shall receive credit for the $23,000.00 down payment on the new residence against the alimony judgment in lieu of actual division of property. The trial court is directed to cause appellant to execute a quit-claim deed to appellee on the property located at 1008 Indian Drive after mandate is received and spread of record." The trial court's order for support alimony is affirmed, except that the order for the additional $500.00 per month has been vacated *ab initio*. The trial court's order that the husband pay the

wife's attorney fee and litigation costs is reversed, each party being responsible for his/her fees and costs. In all other respects the judgment of the trial court is affirmed.

The Court of Appeals opinion is vacated in part and otherwise left intact. The trial court is affirmed in part and reversed in part, and the case is remanded to the district court.

HARGRAVE, V.C.J., and LAVENDER, SIMMS and ALMA WILSON, JJ., concur.

HODGES and OPALA, JJ., concur in part, dissent in part.

KAUGER, J., concurs in result.