Lauretta M. HELTON, Administratrix
of the Estate of John A. Helton,
Deceased, Appellee,

v.

Brice COLEMAN, Individually and in his
Capacity as Sheriff of Creek County,
Oklahoma, During the Month of Sep-
tember, 1974, and David Young and Lu-
ther Cowan, his Attorneys of Record,
Appellants.

No. 67009.

Supreme Court of Oklahoma.

May 7, 1991.

Jack B. Sellers, Sapulpa, for appellee.

David Young, Sapulpa, for appellant
Coleman.

David Young, pro se.

Luther Cowan, pro se.

SIMMS, Justice.

Lauretta M. Helton, Administratrix, brought a wrongful death action against Creek County Sheriff Coleman, Appellant, both individually and in his official capacity. The complaint alleged, in essence, that the Sheriff, or his designated employees and agents, had ignored the decedent's cry for help while suffering from delirium tremens and as a result of the negligence of the Sheriff and his employees, her husband took his own life while in jail.

Jury trial resulted in a verdict for the defendant. The trial court granted appellee/plaintiff's motion for new trial and concurrently assessed sanctions against both District Attorney David Young and his as-

sistant, Luther Cowan, who were representing Sheriff Coleman in their official capacity. The sanction was imposed for purported misconduct occurring during the trial for which the trial court required District Attorney Young and his assistant to pay the cost of the jurors during the trial.

Appeal was taken from the order of the trial court granting a new trial as well as imposing sanction on the defendant's attorneys.

The matter was assigned to the Court of Appeals which affirmed the trial court's granting the motion for new trial and the sanction. Appellant Coleman sought certiorari before this Court on the new trial issue, and certiorari is denied. Therefore, the ruling of the trial court granting plaintiffs motion for new trial remains undisturbed. Appellants Young and Cowan sought certiorari on the question of sanctions against them as Coleman's attorneys. We grant certiorari on the issue of attorney sanctions, vacate that part of the opinion of the Court of Appeals, and reverse the trial court's order imposing sanctions.

During the trial many instances of alleged misconduct by both Young and plaintiff's counsel occurred. One such instance was Young's alleged secreting of jail records which he said he did not have but which he dropped in front of the witness stand during trial. The trial court cited Young for direct contempt of court and allowed Young to apply for the citation to be assigned to another judge for sentencing.

The trial court also dismissed one juror because of alleged jury tampering by plaintiff's counsel. After eight days of trial, the eleven remaining jurors returned a unanimous verdict in favor of Coleman.

Helton moved for new trial, and Cowan represented Coleman at the hearing on the motion. During the hearing, the trial court decided not to sentence Young for direct contempt. Yet, after a long discourse deriding Young for his misconduct, the trial court granted the motion for new trial and assessed the costs of the jury against Young and Cowan justifying the assessment on their willful violation of court orders given during discovery, pre-trial, and trial.

In a hearing held two days later, the trial court clarified his earlier ruling by stating that he assessed the jury fees on the grounds of sanctions provided "under the discovery code as well as the equitable obligations and duties of the Court." He further noted that both counsel for plaintiff and defendant committed acts of misconduct, and that it would be inappropriate for him to tax attorney fees against one attorney because the other would receive a windfall.

Under the facts of this case, we find that the trial court was without authority under the discovery code to impose the costs of the jury panel. We look first at the discovery code.

## I.

■ The trial court correctly noted that he is empowered by the discovery code to sanction parties or attorneys who violate discovery orders. Title 12 O.S.Supp.1982, § 3214(B)(2) provides:

"f. If a person, not a party, fails to obey an order entered under subsection C of Section 11 of the Discovery Code [pertaining to Requests for the Production of Documents], the court may treat the failure to obey the order as contempt of court. In lieu of or in addition to the orders provided in this paragraph, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."

There is no indication that Helton first moved for and obtained a court order compelling discovery as is required by the statute. In interpreting Section 3214, the Court of Appeals found that a motion to compel is a prerequisite to sanctions being imposed under Section 3214. *Hill v. Pierce Mobile Homes, Inc.,* 738 P.2d 1380 (Okla. Ct.App.1987). We are persuaded that the

Court of Appeals correctly concluded that a motion to compel is necessary under Section 3214. Consequently, Section 3214(B)(2)(f) does not apply here.

Section 3214(B)(2), also provides for sanctions where a party or their attorney violates a court-ordered discovery plan devised pursuant to a discovery conference provided for in 12 O.S.Supp.1982, § 3203(F). The record does not disclose any violation of such a discovery plan, and sanctions based upon this provision are improper. Neither theory under the discovery code supports the trial court's imposition of sanctions in this case.

## II.

■ The payment of reasonable expenses as a discovery code sanction imposed upon a non-party for violating a court order are by definition a sanction for contempt of court. See 12 O.S.Supp.1982, § 3214(B)(2). Regardless of the trial court's assertion that he was not sentencing Young for direct contempt of court, it is clear that is exactly what he did. The discovery code provides no other sanction against a non-party when that non-party violates a court order. Thus, the sanctions imposed under the discovery code were for contempt of court, and as such, Young and Cowan were entitled to be heard before imposition of the contempt sanctions. Okla. Const. art. 2, § 25.

The record shows that neither Young nor Cowan was afforded an opportunity to be heard by the trial court. Cowan was present, but was not allowed to put on any evidence on his or Young's behalf. Rather, he was forced to listen to the trial court's deriding comments concerning Young and Cowan. Young was not even present at the hearing so he was clearly not afforded an opportunity to be heard. Therefore, contempt of court sanctions imposed upon Young and Cowan under the discovery code were improper under constitutional guidelines because neither had an opportunity to be heard.

Furthermore, the record indicates that neither of the appellants were given any notice whatsoever that the court would consider sanctions against them for misconduct during the trial. We emphasize the fact that Young and Cowan received neither notice nor an opportunity to be heard because these factors are important in our determination that the court went beyond the authority vested in it by its inherent powers.

Helton cites *City Nat'l. Bank & Trust v. Owens*, 565 P.2d 4 (Okla.1977), and *Winters v. City of Oklahoma City*, 740 P.2d 724 (Okla.1987), as support for a finding that the sanctions were proper under the trial court's inherent powers. In *Owens*, plaintiff brought suit which went to trial before a jury. After three days of trial and prior to being submitted to the jury for deliberation, plaintiff dismissed his case without prejudice. The trial court allowed the dismissal with the further order that plaintiff's refiling of the cause was conditioned upon payment of defendant's *attorney fees* for legal services provided during the trial of the case. We found the plaintiff's actions oppressive and a waste of defendant's time and money in defending a lawsuit which was presented in entirety to a jury but never submitted to them for resolution. Because the actions of plaintiff were oppressive, we found that the trial court, "in the exercise of its inherent equitable powers, did not exceed its jurisdiction, powers, or discretion" in assessing attorney fees against the plaintiff. 565 P.2d, at 9.

*Winters* was the logical extension of the doctrine announced in *Owens*. In *Winters*, we held that when an *attorney* acts in bad faith or oppressively, the trial court, in the exercise of its inherent equitable powers, can tax against that attorney all unnecessary expenses incurred because of the misconduct. We characterized the taxing of such costs as a sanction which "should not be assessed lightly or without fair *notice and an opportunity for a hearing*." 740 P.2d, at 727 (Emphasis added). See also *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980). Thus, our earlier emphasis upon notice and an opportunity to be heard becomes clear.

In *Ford v. Ford*, 766 P.2d 950, 954 (Okla. 1988), the Court of Appeals ordered the attorney of one of the parties to pay one-half of his attorney fee awarded by the trial court to the court clerk on the grounds that it was improperly granted against the opposing party. We overturned the Court of Appeals order finding it facially void because the attorney was not a party to the proceeding and had not been given notice and an opportunity to be heard. Therefore, the order was a violation of the attorney's Fourteenth Amendment rights, and such is the case herein. Young and Cowan face the deprivation of a property interest without due process of law. Regardless of the magnitude of their misconduct, they were entitled to notice of the sanctions and an opportunity to be heard. The trial court abused its authority in sanctioning appellants without such notice and hearing.

### III.

Accordingly, the portion of the Court of Appeals opinion concerning the assessment of jury fees against Young and Cowan is VACATED and the order of the trial court imposing the sanction of jury costs is REVERSED. The order of the Court of Appeals granting new trial is left undisturbed.

LAVENDER, DOOLIN, HARGRAVE and SUMMERS, JJ., concur.

OPALA, C.J., concurs in result.

KAUGER, J., concurs in part, dissents in part.

HODGES, V.C.J., and ALMA WILSON, J., dissent.

K.J.M., Appellant,