Jess BENTLEY and Lela Bentley, Plaintiffs,

v.

HICKORY COAL CORPORATION, and Sweetwater Coal Co., Inc., Defendants,

and

Basil BENTLEY and Josephine Bentley, Plaintiffs,

v.

HICKORY COAL CORPORATION, and Sweetwater Coal Co., Inc., Defendants,

Dennis DOWNING, Appellant,

v.

Sherry TAYLOR, Paul Boudreaux, and Scott Cannon, Appellees.

No. 75368.

Court of Appeals of Oklahoma, Division No. 3.

May 26, 1992.

Rehearing Denied Aug. 3, 1992.

Certiorari Denied Jan. 28, 1993.

Dennis Downing, pro se.

Galen L. Brittingham, Tulsa, for appellees, Sherry Taylor, Paul Boudreaux, and Scott Cannon.

## OPINION

HUNTER, Judge:

This appeal involves an Order of Contempt against Appellant, Dennis J. Downing, who had been the lawyer for two families named Bentley. The trial court assessed an attorney fee against Downing for Appellees, Taylor, Boudreaux, and Cannon. Downing appeals. This appeal is a companion case to *Bentley v. Hickory Coal Co., Inc.*, No. 78,014 (consolidated with No. 78,015), also decided this day.

### Trial Court History

Jess and Lela Bentley filed suit against Sweetwater Coal Company in February, 1986, alleging damage to their home from Sweetwater's blasting operations. Basil and Josephine Bentley filed a nearly identical suit on the same day. Downing represented the Bentleys in both cases. The Bentleys added Hickory Coal as an additional defendant to their suits in March, 1989. On October 19, 1989, The Bentleys dismissed their cases without prejudice.

Sweetwater served on attorney Downing discovery requests directed to the Bentleys on July 29, 1986. Downing did not respond to those requests. On April 19, 1988, Sweetwater filed a Motion for Order Compelling Discovery. Sweetwater had written to Downing asking for the overdue discovery materials, but Downing did not respond. The trial court granted Sweetwater's Motion to Compel on June 27, and ordered the Bentleys to comply with Sweetwater's discovery requests by July 11, 1988. On April 21, 1989 Sweetwater moved for sanctions against the Bentleys because the Bentleys had violated the trial courts order directing them to comply with Sweetwater's discovery requests.

On May 17, 1989, Hickory served on Downing discovery requests directed to the Bentleys. Downing did not respond. On June 20, 1989, Hickory filed a Motion for Order Compelling Discovery. Both Coal Companies sought attorney fees.

On July 6, 1989, in response to Sweetwater's motion for sanctions and Hickory's Motion to Compel, the trial court ordered the Bentleys to pay a $110 attorney fee to each Coal Company.

On October 16, 1989, the Coal Companies took the deposition of the Bentleys' explosives expert, C.W. Bradley. Bradley testified that Downing had retained him to investigate the Bentleys' claim and report to

Downing. Bradley testified that he told Downing he did not believe the Coal Companies' blasting caused the Bentleys' damages. Bradley also said that he had given Downing several pages of notes of his investigation and forty photographs the month before. Downing admitted on the record of the Bradley deposition that he had not shown Bradley's materials to the Coal Companies. Three days later, on October 19, 1989, Downing dismissed the Bentleys' cases without prejudice.

On November 15, 1989, the Coal Companies filed a Request for Order of Contempt against Downing individually. In addition to Downing's failure to show Bradley's materials to the Coal Companies, the two $110 attorney fee awards had not been paid. The Coal Companies asked for payment of the two $110 attorney fees previously ordered, and for additional costs and fees. The Coal Companies alleged that Downing did not return phone calls, and would not answer letters.

The trial court continued the first hearing on the Coal Companies' motion from January 23, to January 31, 1990, because Downing did not appear.

Following the January 31 hearing, the trial court found that Downing had not complied with its order of July 6, 1989, compelling production of documents. Nor, held the trial court, had Downing complied with its July 27, 1989 order, which granted each Coal Company a $110 attorney fee. On March 13, 1990 the trial court ordered sanctions against Downing alone under the discovery code, 12 O.S.1991 § 3237.[1] The trial court denied the Coal Companies' Applications for Contempt Citations. The trial court, however, awarded attorney fees to the Coal Companies' attorneys for the hear-

ings on January 23, and January 31, 1990.[2] The trial court ordered Downing to turn over all documents obtained from the explosives expert, Bradley, "before plaintiffs' claims against these defendants may proceed."

Downing paid the two $110 fees, but appeals from the trial court's order directing him to pay additional fees and expenses to the Coal Companies' lawyers, Boudreaux, Taylor and Cannon. Downing claims that the trial court lost jurisdiction to hold the hearings it held and make the orders it entered after Downing dismissed the Bentleys' cases.

### ISSUES

I. Did the trial court have jurisdiction to sanction Downing after Downing dismissed the Bentleys' cases?

II. Did the trial court correctly impose an attorney fee against Downing as a sanction for violations of trial court orders committed before dismissal of the Bentleys' cases?

We answer yes to both questions and affirm the trial court.

### I.

■ Downing asserts that he was not subject to sanctions because the trial court imposed those sanctions after Downing dismissed the Bentleys' cases. We disagree.

An action may be dismissed without prejudice to refiling at any time before final submission of the case to the court or jury under 12 O.S.1991 § 683. The plaintiff may dismiss "on the payment of costs and without an order of court" if no pleading seeking relief against plaintiff has been filed under 12 O.S.1991 § 684.

1. At the time of the trial court's order the Oklahoma version of Rule 37, Federal Rules of Civil Procedure, was 12 O.S. § 3214. In 1989, after these cases began, the Legislature renumbered the Discovery Code sections to match the corresponding Federal Rules of Civil Procedure. Old § 3214 thus became § 3237. For the sake of simplicity and clarity, in this opinion we will use only the current section number, § 3237.

2. The trial court awarded attorney fees and expenses as follows:

| Name | Client | Fee | Expenses |
|---|---|---|---|
| Attorney Boudreaux | Hickory | $850.00 | $54.00 |
| Attorney Taylor | Sweetwater and Hickory | $945.00 | $45.24 |
| Attorney Cannon | Sweetwater | $360.00 | $24.30 |

Downing relies on *General Motors Acceptance Corp. v. Carpenter,* 576 P.2d 1166 (Okl.1978). There, the Supreme Court prohibited the trial court from proceeding further in a case seeking prejudgment delivery of property after plaintiff dismissed. *G.M.A.C. v. Carpenter, id.,* does not support Downing's argument. The Supreme Court held that, after the plaintiff's voluntary dismissal, there is nothing further a court can do to *reopen* the case. Here, Downing did not obey either the trial court's July 6, or July 27, 1989 order. Thus the trial court did not reopen the matter by holding a hearing on the contempt citation. Instead, the trial court enforced an order that Downing violated *before the dismissal.*

Downing cites no Oklahoma case in which there was a question of the trial court's right to consider a contempt citation for violation of its orders that took place before dismissal.

We find persuasive the analysis of a similar issue by the United States Supreme Court in *Cooter & Gell v. Hartmarx,* 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). In *Cooter,* the court considered whether the trial court, after a voluntary dismissal, retained jurisdiction to impose sanctions against plaintiffs' lawyer under Rule 11, F.R.Civ.P.[3] The court held that the trial court retained jurisdiction to punish for contempt an attorney who "has abused the judicial process," after dismissal of the underlying action. Both Rule 11 and Rule 37, 12 O.S.1991 § 3237, empower courts to impose sanctions against parties and lawyers who abuse the judicial process. The only difference between Rule 11 and Rule 37 in this regard is that Rule 11 deals with pleadings and § 3237 with discovery.

The trial court had jurisdiction to hold the contempt hearing and to sanction Downing for his earlier violations of the trial court's orders.

## II.

Downing complains that the trial court improperly assessed attorney fees against him under § 3237. The Coal Companies claim that Downing waived this error by failing to appear at the hearing on attorney fees. We disagree. Downing appeared at the contempt hearing. At that hearing the trial court held Downing was liable for an attorney fee. The later hearing, at which Downing did not appear, was held only to determine the amounts of those fees.

Downing points out that § 3237.B.2 allows "the court in which the action is pending" to impose sanctions. From this, Downing argues that because he had dismissed the Bentleys' actions, and they were no longer "pending," the trial court improperly relied on § 3237.B.2. Downing's reliance on this language is misplaced.

Section 3237.A.1 provides that an application for an order compelling discovery

... may be made to the court in which the action is pending, or, on matters, relating to a deposition, to the district court in the county where the deposition is being taken ...

The language "the court in which the action is pending," in § 3237.B.2, is not meant to limit the trial court's power to impose sanctions in cases such as this one. Section 3237.B.1 gives the court in the county where the deposition is being taken the power to treat the failure of a deponent to answer as a contempt. Section 3237.B.2 gives the "court in which the action is pending" power to make appropriate orders when a party fails to obey an order involving discovery. Thus, the language Downing relies on merely distinguishes one court from another. The trial court correctly imposed sanctions on Downing.

The trial court's order imposing sanctions against Downing is AFFIRMED.

HANSEN, V.C.J., and JONES, J., concur.

---

**3.** Rule 11, and its Oklahoma counterpart, 12 O.S.1991 § 2011, provide for sanctions against a party or attorney who signs a pleading not "well grounded in fact and ... warranted by ... law."