1998 OK CIV APP 13

1998 OK CIV APP 13

**Sidney A. MUSSER, Jr., Plaintiff/Appellant,**

v.

**Kenna MUSSER, Defendant/Appellee.**

**No. 87726.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Dec. 16, 1997.

Edward Goldman, Oklahoma City, for Plaintiff/Appellant.

Arnold D. Fagin and R. Amanda McInnis–Nixon, Fagin, Fagin, Nixon & Reed, P.C., Oklahoma City, for Defendant/Appellee.

---

## OPINION

BUETTNER, Judge:

¶1 Plaintiff/Appellant Sidney A. Musser, Jr. (Husband) and Defendant/Appellee Kenna Musser (Wife) were granted a divorce in 1991. The trial court ordered Husband to pay Wife's attorney fees in the amount of $25,000. On August 7, 1991, Wife filed an application for appeal-related attorney fees in order to allow Wife to defend Husband's appeal, and to proceed with her cross-appeal, of the divorce decree. In its order granting Wife's application, filed September 24, 1991, the trial court ordered that Wife's application was sustained and provided that Husband "shall advance to (Wife's) counsel, Arnold D. Fagin, the sum of $5,000.00 on his requested attorney fees within thirty days.... The Court will keep jurisdiction of that amount, and depending upon the results of the appeal, may order reimbursement of that amount to (Husband), if necessary."[1] This order was signed by the Honorable Niles Jackson.

¶2 This Court issued its opinion in the appeal from the divorce decree on November 2, 1993. This Court held that it was error to order Husband to pay Wife's attorney fees in light of the substantial amount of property awarded to Wife in the decree. This Court also ordered that both Husband and Wife must pay their own appeal-related attorney fees. On October 24, 1995, the Supreme Court issued its opinion granting certiorari in the appeal from the decree. That opinion did not disturb this Court's ruling on the issue of attorney fees.

¶3 In April 1996, Husband and his counsel both sent letters to Wife's counsel, Arnold D. Fagin, seeking reimbursement of the $5,000 Husband had "advanced" to Fagin pursuant to the trial court's order of September 1991. On April 29, 1996, Husband filed an application for reimbursement of appeal-related attorney fees. In his application,

Husband asserted the preceding facts and argued that because he had paid the $5,000 for appeal-related attorney fees directly to Fagin according to the trial court's order, Fagin should be responsible for reimbursing Husband. Husband also requested attorney fees incident to his quest for reimbursement.

¶4 In his response, Fagin argued that the trial court has no jurisdiction to order him to reimburse Husband because Fagin is not a party to the proceeding. Fagin further asserted that Wife is the real party in interest and that Husband failed to name her as a respondent or to afford notice of the application to Wife. Fagin finally asserted that he denies that Husband is entitled to any reimbursement, but that if the court finds that Husband is so entitled, Fagin is entitled to reimbursement from Wife.

¶5 On June 3, 1996, the trial court entered its order in which it found that Husband's application for reimbursement of appeal-related attorney fees should be denied because the court did not have jurisdiction over Fagin. Husband appeals from this decision.

■ ¶6 Husband argues that the original court order on appeal-related attorney fees specifically benefitted Fagin by ordering Husband to pay $5,000 directly to Fagin. Husband argues that the trial court has personal jurisdiction over Fagin to order him to reimburse Husband because Fagin accepted the benefit of the original order. Husband analogizes the facts of this matter to those in *Swick v. Swick*, 1993 OK 151, 864 P.2d 819. In *Swick*, after the divorce decree was entered, but before the issue of attorney fees had been decided, the wife died. The wife's attorney then proceeded against the husband seeking an award of attorney fees. The Oklahoma Supreme Court held that the wife's attorney had standing to bring such an action after the death of his client. Husband asserts that if an attorney has standing to bring an action for attorney fees, then con-

---

1. 43 O.S.1981 § 110 provided that, on granting a divorce, the court may require either party to pay "such reasonable expenses of the other in the prosecution or defense of the action as may be just and proper ...; provided further, that the court may in its discretion make additional orders relative to the expenses of any such subse-

quent actions, brought by the parties or their attorneys, for the enforcement ... of any interlocutory or final orders in the divorce action made for the benefit of either party or their respective attorneys." This section was amended in 1991, but the amendment did not go into effect until after the decree was entered.

versely, Fagin, Wife's attorney in this action, should be subject to the court's jurisdiction to order reimbursement of fees paid to him after such fees were reversed on appeal. We agree.

¶ 7 Fagin responds that the $5,000 that Husband was ordered to pay to Fagin was entirely for Wife's benefit, not Fagin's. Fagin also argues that the fact that the trial court mentioned him by name in the order is irrelevant. Rather, Fagin argues that he is not a real party in interest and that Wife, his former client, is the real party in interest and that Husband must seek reimbursement from Wife. Fagin relies on *Ford v. Ford,* 1988 OK 103, 766 P.2d 950.

¶ 8 In *Ford,* the trial court ordered the husband to pay the wife's costs and attorney fees. This Court vacated the award of fees and costs and ordered wife's counsel to pay to the court clerk half the fee he received pending resolution of the appeal. On certiorari, the Oklahoma Supreme Court held that the wife's attorney was not a party to the proceeding and was not given notice or an opportunity to be heard before he was deprived of his property interest in the fee. The Supreme Court therefore held that this Court's order was facially void.

¶ 9 *Ford* is distinguishable from the case at issue, however. The order in *Ford* was made by an appellate court and the Supreme Court noted that the attorney was not given notice or an opportunity to be heard. In the instant case, the trial court made the order so that the appeal could proceed. In addition, Fagin was present when the trial court directed Husband to pay appeal-related fees directly to Fagin. Fagin also received notice that Husband was seeking the reimbursement provided for in the original order and Fagin was given an opportunity to be heard by the trial court which eventually denied reimbursement. Further, the Supreme Court in *Ford* held that this Court did not have personal jurisdiction over the attorney to order him to pay the fee to the court clerk. The order at issue in the instant case, howev-

er, expressly provided that the trial court retained jurisdiction over the $5,000 award pending the outcome on appeal.

¶ 10 We note that the trial court's inherent powers to manage its own affairs to achieve an orderly and timely disposition of cases are a necessary incident to the trial court's jurisdiction. *Winters v. City of Oklahoma City,* 1987 OK 63, 740 P.2d 724. *Winters* recognized that an attorney's personal liability for the opponent's attorney fees is an exercise of the trial court's inherent supervisory powers. Reimbursement, which was anticipated in the original order, is a logical exercise of the trial court's inherent powers. The instant situation is similar to the trial court's power to order an attorney, not a party in interest, to pay sanctions to the opposing party or counsel. In *Bentley v. Hickory Coal Corp.,* 1992 OK CIV APP 68, 849 P.2d 417, this Court held that the trial court has jurisdiction, even after the case has been dismissed, to order an attorney to pay attorney fees as a sanction. The Oklahoma Supreme Court has held that the key to requiring an attorney to pay sanctions is notice and an opportunity to be heard. *Helton v. Coleman,* 1991 OK 43, 811 P.2d 100. We find this holding comports with our reading of *Ford, supra,* that lack of notice and opportunity to be heard were the principal factors in finding this Court without jurisdiction to enter the order in that case.

¶ 11 It was long ago determined that an award of attorney fees is not void because it is ordered to be paid directly to the attorney. *Tilley v. Price,* 267 P.2d 996 (Okla.1954). It seems evident that, if the court can order that attorney fees be paid directly to the attorney of record, then the court can order the attorney of record to return those fees if the award is reversed on appeal. Similarly, the Court in *Swick, supra,* examined several situations in which the attorney of record has standing to proceed in an action for attorney fees in absence of the client.[2] Again, in these situations, it seems

---

2. See *Kelly v. Maupin,* 177 Okla. 44, 58 P.2d 116 (1936) (attorney may enforce through contempt proceedings order that husband pay attorney fees, even after wife has dismissed her petition);

*Statser v. Statser,* 205 Okla. 608, 239 P.2d 764 (1951) (where attorney has performed services for wife, reconciliation of the spouses will not deprive court of jurisdiction to hear application

evident that, if the attorney has standing to bring the action, then the court has jurisdiction to require the return of those fees if the award is reversed on appeal.

¶ 12 Under the facts of this case, what the court had authority to order be done, it could order undone. Because of the order directing payment directly to Fagin, he had a personal stake in the appellate decision regarding attorney fees. The trial court expressly stated in the order that it retained jurisdiction over the appeal-related fees. Fagin was afforded notice and an opportunity to be heard. Based on these facts, the trial court erred in holding that it did not have jurisdiction to order Fagin to reimburse the fees paid directly to him.

REVERSED AND REMANDED.

JOPLIN, J., concurs.

HANSEN, P.J., not participating.

by attorney for fee to be paid by husband); *Owens v. Owens,* 264 P.2d 341 (Okla.1953) (attorney has personal interest in fees sufficient to give him standing to pursue recovery of fees in his own right).